# Exhibit "M"

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| IN RE:<br><br>MUHAMMAD NASIR SIDDIQI<br><br>DEBTOR | CASE No. 19-42834<br>CHAPTER 7 |
| MARK A. WEISBART,<br>CHAPTER 7 TRUSTEE<br><br>PLAINTIFF<br><br>V.<br><br>JAMELA SIDDIQI<br><br>DEFENDANT | ADVERSARY No. 20-04037 |

**MOTION TO COMPEL COMPLIANCE WITH
SUBPOENA AND RECOVERY OF FEES AND COSTS**

YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU <u>MUST</u> FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.

NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING <u>***WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE***</u> SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.

COMES NOW Mark A. Weisbart, the duly appointed Chapter 7 Trustee ("Plaintiff") for the bankruptcy estate of Muhammad Nasir Siddiqi, files this Motion to Compel Compliance with Subpoena and Recovery of Fees and Costs (the "Motion"), and in support of this Motion, the Trustee would respectfully show the Court as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1.      On October 16, 2019 (the "Petition Date"), Muhammad Nasir Siddiqi ("Debtor")

filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code.")

2.      Thereafter, Plaintiff was appointed as the interim chapter 7 Trustee for the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 701, who has since become the permanent trustee in accordance with 11 U.S.C. § 702(d).

3.      On February 28, 2020, Plaintiff commenced this above-referenced adversary proceeding seeking to avoid and recover the Debtor's transfer of certain real property to defendant, Debtor's ex-spouse, within two years prior to the Petition Date.

4.      On November 30, 2020, Trustee issued a subpoena *duces tecum* (the "Subpoena") on the Debtor seeking the production of various documents pursuant to FED.R.CIV.P. 45(a)(1)(D). A true and correct copy of the Subpoena is attached hereto as Exhibit "A".

5.      Debtor responded to the Subpoena by providing some documents on December 11, 2019 and December 14, 2019.  The documents produced, however, were largely duplicative of documents the Debtor had previously produced to the Plaintiff in response to the Plaintiff's prior requests during the bankruptcy case.  Yet, as to many requests the Debtor produced few or no documents.  In short, Debtor all but ignored the subpoena.

6.      Indicative of the Debtor's lack of compliance to the Subpoena are the Debtor's response to the following requests:

**PRODUCTION OF DOCUMENTS NO. 1:**
All Documents which identify or evidence all of your debts or liabilities for the time period January 1, 2018, through December 31, 2018.

In response to this request, Debtor produced his 2018 tax return.  Debtor produced no other documents remotely responsive to this request.  He did not produce any bank statements, invoices, demand letters, mortgages or mortgage statements, credit card statements, bills, financial statements, guaranty agreements, contracts or leases.

**PRODUCTION OF DOCUMENTS NO. 2:**
All Documents which identify all claims asserted against You for the time period January 1, 2018, through December 31, 2018.

Debtor produced no documents in response to this request. He did not any produce bill, invoices, demand letters, credit card statements, contracts or leases.

**PRODUCTION OF DOCUMENT NO. 3:**
All of Your bank account statements for calendar year 2018.

Debtor produced no documents in response to this request.

**PRODUCTION OF DOCUMENTS NO. 4:**
All of Your credit card statements for 2018.

Debtor produced only two partially produced Discover credit card statements from June to July 2018.

**PRODUCTION OF DOCUMENTS NO. 5:**
All Documents which relate to or evidence communications, including, without limitation, emails, texts and correspondence, between You and JS concerning the Lakestream Property since July 26, 2010.

Debtor produced no documents in response to this request.

**PRODUCTION OF DOCUMENTS NO. 6:**
All Documents which relate to or evidence communications, including, without limitation, emails, texts and correspondence, between You and JS concerning or relating to the Ropal Litigation.

Debtor produced no documents in response to this request.

**PRODUCTION OF DOCUMENTS NO. 7:**
All bills from phone companies for the period May 1, 2017, through March 31, 2019, that identify and evidence Your phone calls and texts to and from third parties.

Debtor produced no documents in response to this request.

**PRODUCTION OF DOCUMENTS NO. 8:**

All Documents which evidence, reflect or refer to the Deed Transfer at issue in the Adversary Proceedings.

Debtor produced no documents in response to this request.

**PRODUCTION OF DOCUMENTS NO. 9:**

All Documents that evidence, refer or reflect any oral agreements between You and JS related in any way to the Deed Transfer or the Lakestream Property.

Debtor produced no documents in response to this request.

**PRODUCTION OF DOCUMENTS NO. 10:**

All Documents identifying or evidencing the assets You owned during the period January 1, 2018, through December 31, 2018.

Debtor produced no documents in response to this request.

**PRODUCTION OF DOCUMENTS NO. 11:**

All Documents identifying or evidencing the value of any of the assets You owned during the period January 1, 2018, through December 31, 2018.

Debtor produced no documents in response to this request.

**PRODUCTION OF DOCUMENTS NO. 13:**

The federal tax returns for Hiba Entertainment, Inc. for 2018.

Debtor produced no documents in response to this request.

**PRODUCTION OF DOCUMENTS NO. 14:**

All financial records of Hiba Entertainment, Inc. for 2018, including, without limitation, financial statements, balance sheets, cash flow statements, bank account statements, credit card statements and contracts.

In response to this request the Debtor produced only a cryptic unintelligible expense excel spreadsheet and Chase bank statements for January 2018 through August 2018.

**PRODUCTION OF DOCUMENTS NO. 15:**

All Documents which identify or evidence the debts or liabilities of Hiba Entertainment for the time period January 1, 2018, through December 31, 2018.

In response to this request the Debtor produced Chase bank account statements from January 1, 2018 through August 31, 2018.  Debtor failed to produce any bills, invoices, credit card statements or any financial statements.

### PRODUCTION OF DOCUMENTS NO. 16:
All Documents which identify or evidence all assets of Hiba Entertainment at any time during the time period January 1, 2018, through December 31, 2018.

Except for the bank statements identified above, the Debtor produced no other documents in response of this request.

### PRODUCTION OF DOCUMENTS NO. 17:
All Documents identifying or evidencing the value of any of the assets Hiba owned during the period January 1, 2018, through December 31, 2018.

Except for the bank statements identified above, the Debtor produced no other documents in response of this request.

### PRODUCTION OF DOCUMENTS NO. 18:
All Documents which relate to or evidence communications, including, without limitation, emails, texts and correspondence, between You and any other person concerning the Lakestream Property during the period May 1, 2017, and March 31, 2019.

Debtor produced no documents in response to this request.

### PRODUCTION OF DOCUMENTS NO. 19:
All Documents which relate to or evidence communications, including, without limitation, emails, texts and correspondence, between You and any other person, other than Your attorneys, concerning or relating to the Ropal Litigation.

Debtor produced no documents in response to this request.

7.      Prior to filing this motion, Plaintiff sought to confer with Debtor's counsel.  On January 11, 2020, the Plaintiff emailed Debtor's counsel a draft of this motion and requested a time to discuss same in an effort to resolve the issues. A true and correct copy of this email is

attached hereto as Exhibit "B."  As of the filling of this motion, Plaintiff had not received a response from counsel.

### Relief Requested

8.      Plaintiff properly issued the Subpoena on the Debtor on November 30, 2020. Debtor did not object to otherwise seek to quash the Subpoena, nor did Debtor seek a protective order or assert a privilege. Accordingly, Debtor had a duty to produce all documents the subject to the Subpoena.  See, Rule 45(e).  Having not produced all the documents sought and responsive to the Subpoena, the Debtor should be held in contempt and compelled to fully produce all such documents.  See, Rule 45(g) ("The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.").

9.      For that purpose, the Debtor should be ordered to produce all documents responsive to the Subpoena no later than ten (10) days from the Court's entry of an order granting this motion, and Plaintiff should be awarded his fees and costs associated with prosecuting this motion.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court enter an Order compelling Debtor's compliance with the subpoena within ten (10) days of entry of such order, issuing fees and sanctions as appropriate, and granting Plaintiff such other and further relief to which he is justly entitled.

Respectfully Submitted,

/s/ Mark A Weisbart

Mark A Weisbart
Texas Bar No. 21102650
THE LAW OFFICE OF MARK A. WEISBART
12770 Coit Road, Suite 541
Dallas, TX 75251
(972) 628-4903 Phone
mark@weisbartlaw.net

COUNSEL FOR CHAPTER 7 TRUSTEE

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing instrument was served on the parties listed below as well as the parties listed on the attached mailing list in accordance with LBR 9013(f) either through the Court's electronic notification system as permitted by Appendix 5005 III. E. to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid on this the 20th day of January 2021.

| | | |
|---|---|---|
| Jamela Siddiqi | Herman A. Lusky | Muhammad Nasir Siddiqi |
| 14411 Tanglewood Drive | 5473 Blair Rd. | 6701 Haven Hurst Ct. |
| Farmers Branch, TX 75234 | Dallas, TX 75231 | Allen, TX 75002 |

/s/ Mark A Weisbart

Mark A Weisbart

# Exhibit "A"

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

EASTERN — District of — TEXAS

In re    **MUHAMMAD NASIR SIDDIQI**
_____
Debtor

*(Complete if issued in an adversary proceeding)*

**MARK A. WEISBART, CHAPTER 7 TRUSTEE**
_____
Plaintiff
v.
**JAMELA SIDDIQI**
_____
Defendant

Case No.  **19-42834**

Chapter  **7**

Adv. Proc. No.  **20-04037**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Muhammad Nasir Siddiqi c/o Eric A. Liepins, Law Office of Eric A. Liepins, P.C., 12770 Coit Road, Suite 1100, Dallas, TX 75251**
*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    **See Exhibit "A" attached**

| PLACE   **The Law Office of Mark A. Weisbart**<br>**12770 Coit Road, Suite 541**<br>**Dallas, TX 75251** | DATE AND TIME<br>**November 30, 2020 at 5:00 p.m.** |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/16/2020

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_____
Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Mark A. Weisbart , who is issues or requests this subpoena, are:
James S. Brouner    12770 Coit Rd, Ste 541, Dallas TX 75251    jbrouner@weisbartlaw.net    (972) 628-4902

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit "A"

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Exhibit "A"

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

Exhibit "A"

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| IN RE:<br><br>MUHAMMAD NASIR SIDDIQI<br><br>                 DEBTOR | CASE NO. 19-42834<br>CHAPTER 7 |
| MARK A. WEISBART,<br>CHAPTER 7 TRUSTEE<br><br>              PLAINTIFF<br><br>V.<br><br>JAMELA SIDDIQI<br><br>             DEFENDANT | ADVERSARY NO. 20-04037 |


**EXHIBIT "A" TO SUBPOENA DUCES TECUM**


**I.  DEFINITIONS**

In connection with the Documents herein requested, you are to use and apply the following definitions:

(a)  "**Document**" and "**Documents**" are used in their broadest sense and shall mean every writing however produced or reproduced and regardless of origin, whether handwritten, typed, printed,, micro-filmed, photostated, or recorded and any graphic matter of every kind and description, together with all attachments and appendices thereto, including, but not limited to, agreements, contracts, communications, correspondence, memoranda, telecopies, stenographic or handwritten notes (including notes of meetings and conversations), letters, telegrams, messages (including reports of

Exhibit "A"

Exhibit "A"

telephone conversations and conferences), tapes (including voice
recordings and videotapes), records of conversations, transcripts, studies,
analyses, comparisons, demands, schedules, recordings, papers, data sheets,
publications, books, circulars, brochures, pamphlets, bulletins, notices,
instructions, drafts, notebooks, diaries, calendars, articles, news clips and
newspapers, press releases, films, photographs, sketches, drawings, charts,
diagrams, forms, manuals, lists, surveys, records, computer records, work
papers, invoices, shipping documents, bills of lading, packing lists, delivery
orders, custom reports, billing statements, airways bills, purchase orders,
financial reports and statements, balance sheets, profit and loss statements,
statements of earnings, statements of net worth, statements of operation,
auditor reports, audit work papers, financial reports and summaries, income
statements, statements or lists of assets, bank statements, checking
statements, checks, deposit receipts, canceled checks, wire transfer
acknowledgments or receipts, accounts payable ledgers, accounts
receivable ledgers, appraisals, notes, security agreements, financing
statements, certificates of title, commitment letters, commission
agreements, expense records, opinions, legal opinions, expert opinions,
reports, minutes of meetings or consultations, and other such materials.  The
term "Document" further includes any and all "electronically stored
information" including, without limitation, writings, emails, drawings,
graphs, charts, photographs, sound recordings, images, and other data or
data compilations stored in any medium from which information can be

Exhibit "A"

Exhibit "A"

obtained including those generated by use of a computer, whether or not reduced to paper, and specifically includes any and all writings or graphic matters stored on a server computer, a computer disc, CD-Rom, or external hard drive in whatever shape or form.  The terms further include all documents now or formerly in Defendant's actual or constructive possession, custody or control or his counsel, representatives, or other third parties from whom such documents may be obtained or of which Defendant or his counsel have knowledge.  The terms also include every copy of any document which contains any commentary, notation or variation whatsoever that does not appear in the original.  Documents shall not include any documents previously produced in connection with the 2004 examination of Tracey L. Gelling pursuant to the Order entered on November 13, 2019 in the Hall case.

(b)     "**Person(s)**" refers to natural Persons, corporations, partnerships, proprietorships, associations, organizations, governmental entities, groups of Persons, or any other entities or institutions of whatever nature, whether formed for a business purpose, a governmental purpose or any other purpose.

(c)     "**Relating to**" means, without limitation, related to, referencing, reflecting, evidencing, constituting, disclosing, detailing, discussing, identifying, recording, describing, pertaining to in any respect.

(d)     "**Identify(ing)**" means,

(i)     When referring to a communication, to the extent the

Exhibit "A"

Exhibit "A"

communication was written, to identify the document(s) which refer to or evidence the communication and, to the extent the communication was verbal, to state the Person(s) making the communication, any and all Persons to whom the communication was directed, any and all Persons who may have overhead the communication, whether or not such Persons in fact did, the manner in which the communication was conveyed, the date, time and place of the communication, and the substance of the communication.

(ii)    When referring to a Document, state the title and date of the document, a summary of its contents, the author of the document, the circumstances surrounding creation or production of the document, when the document was first received, all Persons who received a copy of the document at any time subsequent to its creation or if received from another Person since its receipt.

(iii)    When referring to a fact, describe with specificity, each and every fact, ultimate fact, circumstance, occurrence, incident, act, omission, event relating to otherwise pertaining to the matters inquired of in the subject interrogatory, and its date, place of occurrence, all Persons involved or witness such occurrence or with knowledge relating to such occurrence or fact, whether such Persons were witness or who were advised or

Exhibit "A"

Exhibit "A"

told of such occurrence or fact at any point thereafter.

    (iv)      When referring to business entity, state the entity's name, business address and telephone, its corporate form and state of incorporation or organization;

    (v)      When referring to a natural Person, state the Person's name, current or last known residential address and telephone number and current or last known business address and telephone number.

(e)    "**Describe**" when used with respect or in connection with an act, occurrence, event, fact or state of affairs, shall require a description of the act, occurrence, event, fact or state of affairs referred to; the identifying of all Persons who may possess or have knowledge and the manner in which such knowledge may have been acquired; and the statement of what acts were performed, accomplished or attempted by each Person who in any way participated in or was present at the event, fact or occurrence being described.

(f)    "**Evidencing**" means tending to show in any probative manner the existence or non-existence of any matter the subject of the request.

(g)    "**You**" means Muhammad Nasir Siddiqi.

(h)    "**Debtor**" means Muhammad Nasir Siddiqi, debtor in the Siddiqi Case.

(i)    "**Siddiqi Case**" means the bankruptcy case filed by Muhammad Nasir Siddiqi on October 16, 2019, case no. 19-42834.

(j)    "**Siddiqi Petition Date**" means October 16, 2019.

Page 5

Exhibit "A"

Exhibit "A"

(k)    "**Defendant**" means Jamela Siddiqi, her employees, agents, officers, directors, and all Persons acting or purporting to act on its behalf.

(l)    "**Jamela Siddiqi**" or "**JS**" means Jamela Siddiqi, defendant in the Adversary Proceeding.

(m)    "**Trustee**" or "**Plaintiff**" means Mark A. Weisbart, Chapter 7 Trustee and plaintiff in this lawsuit.

(n)    "**Bankruptcy Court**" means the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division.

(o)    "**Adversary Proceeding**" means the adversary proceeding styled *Mark A. Weisbart, Chapter 7 Trustee v. Jamela* Siddiqi, Adv. No. 20-04037, filed in connection with the Siddiqi Case.

(p)    "**Answer**" means Defendant's answer filed in the Adversary Proceeding.

(q)    "**Trial**" means the trial in the Adversary Proceeding.

(r)    "**Complaint**" means Trustee's Original Complaint filed on February 28, 2020, commencing the Adversary Proceeding

(s)    "**Deed Transfer**" means that deed transferring Debtor's interest in the Lakestream Property on July 19, 2018, a copy which is attached hereto as Exhibit "1."

(t)    "**Lakestream Property**" means that property identified as 1109 Lakestream Drive, Plano, Texas 75075.

(u)    "**Ropal Litigation**" means that certain dispute involving Ropal Entertainment, LLC, Hiba Entertainment, Inc., Mohammad Nasir Siddiqi and Azhar Qasmi commenced in 2017 that resulted in that certain Final

Exhibit "A"

Exhibit "A"

Judgment on Award of Arbitrator entered in *Ropal Entertainment, LLC v. Hiba Entertainment, Inc., Mohammad Nasir Siddiqi and Azhar Qasmi*, Cause No. DC-18-09276, in the 193rd Judicial District Court, Dallas County, Texas, signed on March 7, 2019.

Exhibit "A"

Exhibit "A"


## II.  DOCUMENTS TO BE PRODUCED


**PRODUCTION OF DOCUMENTS NO. 1:**
All Documents which identify or evidence all of your debts or liabilities for the time period January 1, 2018, through December 31, 2018.

**RESPONSE:**


**PRODUCTION OF DOCUMENTS NO. 2:**
All Documents which identify all claims asserted against You for the time period January 1, 2018, through December 31, 2018.

**RESPONSE:**


**PRODUCTION OF DOCUMENT NO. 3:**
All of Your bank account statements for calendar year 2018.

**RESPONSE:**


**PRODUCTION OF DOCUMENTS NO. 4:**
All of Your credit card statements for 2018.

**RESPONSE:**


**PRODUCTION OF DOCUMENTS NO. 5:**
All Documents which relate to or evidence communications, including, without limitation, emails, texts and correspondence, between You and JS concerning the Lakestream Property since July 26, 2010.

**RESPONSE:**

**PRODUCTION OF DOCUMENTS NO. 6:**
All Documents which relate to or evidence communications, including, without limitation, emails, texts and correspondence, between You and JS concerning or relating to the Ropal Litigation.

**RESPONSE:**

Exhibit "A"

Case 20-04037   Doc 20   Filed 01/20/21   Entered 01/20/21 16:55:36   Desc Main
Document   Page 20 of 25

Exhibit "A"

**PRODUCTION OF DOCUMENTS NO. 7:**

All bills from phone companies for the period May 1, 2017, through March 31, 2019, that identify and evidence Your phone calls and texts to and from third parties.

**RESPONSE:**

**PRODUCTION OF DOCUMENTS NO. 8:**

All Documents which evidence, reflect or refer to the Deed Transfer at issue in the Adversary Proceeding.

**RESPONSE:**

**PRODUCTION OF DOCUMENTS NO. 9:**

All Documents that evidence, refer or reflect any oral agreements between You and JS related in any way to the Deed Transfer or the Lakestream Property.

**RESPONSE:**

**PRODUCTION OF DOCUMENTS NO. 10:**

All Documents identifying or evidencing the assets You owned during the period January 1, 2018, through December 31, 2018.

**RESPONSE:**

**PRODUCTION OF DOCUMENTS NO. 11:**

All Documents identifying or evidencing the value of any of the assets You owned during the period January 1, 2018, through December 31, 2018.

**RESPONSE:**

**PRODUCTION OF DOCUMENTS NO. 12:**

Your federal tax returns for 2015, 2016, 2017 and 2018.

**RESPONSE:**

Exhibit "A"

Exhibit "A"

**PRODUCTION OF DOCUMENTS NO. 13:**
The federal tax returns for Hiba Entertainment, Inc. for 2018.

**RESPONSE:**

**PRODUCTION OF DOCUMENTS NO. 14:**
All financial records of Hiba Entertainment, Inc. for 2018, including, without limitation, financial statements, balance sheets, cash flow statements, bank account statements, credit card statements and contracts.

**RESPONSE:**

**PRODUCTION OF DOCUMENTS NO. 15:**
All Documents which identify or evidence the debts or liabilities of Hiba Entertainment for the time period January 1, 2018, through December 31, 2018.

**RESPONSE:**

**PRODUCTION OF DOCUMENTS NO. 16:**
All Documents which identify or evidence all assets of Hiba Entertainment at any time during the time period January 1, 2018, through December 31, 2018.

**RESPONSE:**

**PRODUCTION OF DOCUMENTS NO. 17:**
All Documents identifying or evidencing the value of any of the assets Hiba owned during the period January 1, 2018, through December 31, 2018.

**RESPONSE:**

**PRODUCTION OF DOCUMENTS NO. 18:**
All Documents which relate to or evidence communications, including, without limitation, emails, texts and correspondence, between You and any other person concerning the Lakestream Property during the period May 1, 2017, and March 31, 2019.

**RESPONSE:**

Exhibit "A"

Exhibit "A"


**PRODUCTION OF DOCUMENTS NO. 19:**

All Documents which relate to or evidence communications, including, without limitation, emails, texts and correspondence, between You and any other person, other than Your attorneys, concerning or relating to the Ropal Litigation.

**RESPONSE:**

Exhibit "A"

# Exhibit "B"

| | |
|---|---|
| **From:** | Mark Weisbart |
| **To:** | Eric Liepins (eric@ealpc.com) |
| **Cc:** | Tarah Simmons; Jim Brouner |
| **Subject:** | Siddiqi adversary |
| **Date:** | Monday, January 11, 2021 3:11:12 PM |
| **Attachments:** | compel.compliance.motion.docx |
| | compel.compliance.order.docx |
| | compel.compliance.motion Ex A.pdf |

Eric,

Attached is a rough draft of a motion to compel and for fees with regard to the
documents the debtor failed to produce in conjunction with the November 30,
2020 subpoena. Contained in the motion is the list of documents not produced
by the debtor. Can we set up a time this week to discuss and attempt to resolve
this?

Thanks,

Mark

Mark A. Weisbart
THE LAW OFFICE OF MARK A. WEISBART
12770 Coit Road, Suite 541
Dallas, Texas 75251
(972) 628-4903 Phone
mark@weisbartlaw.net

```
Label Matrix for local noticing          Herbert C. Chanin                          Eric A. Liepins
0540-4                                    H. R. Chapin, Attorney & Counselor, PLLC   12770 Coit Road
Case 19-42834                             4301 Alpha Rd.                             Suite 1100
Eastern District of Texas                 Dallas, TX 75244-4405                      Dallas, TX 75251-1329
Sherman
Wed Jan 20 16:49:16 CST 2021

Lakia' S. McCline                         PRA Receivables Management, LLC            Tom W. Sharp
400 N. Sam Houston Pkwy E. Suite 900A     PO Box 41021                              Blalack & Williams, P.C.
Houston, TX 77060-3548                    Norfolk, VA 23541-1021                     4851 LBJ Freeway, Suite 750
                                                                                     Dallas, TX 75244-6012



Muhammad Nasir Siddiqi                    US Trustee                                 (p)MARK A  WEISBART
6701 Haven Hurst Ct.                      Office of the U.S. Trustee                 ATTN THE LAW OFFICE OF MARK A WEISBART
Allen, TX 75002-3028                      110 N. College Ave.                        12770 COIT ROAD SUITE 541
                                          Suite 300                                  DALLAS TX 75251-1366
                                          Tyler, TX 75702-7231


Stephen Wilcox
Wilcox Law, PLLC
P.O. Box 201849
Arlington, TX 76006-1849




          The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
          by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Mark A. Weisbart                          (d)Mark A. Weisbart                        (d)Mark A. Weisbart
The Law Office of Mark A. Weisbart        The Law Office of Mark A. Weisbart         The Law Office of Mark A. Weisbart
12770 Coit Road, Suite 541                12770 Coit Road, Suite 541                 12770 Coit Road, Suite 541
Dallas, TX 75251                          Dallas, TX 75251                           Dallas, TX 75251


End of Label Matrix
Mailable recipients     9
Bypassed recipients     0
Total                   9
```