# Exhibit "R"

## ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

Page 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

```
IN RE:                         ) Case No. 19-42834
MUHAMMAD NASIR SIDDIQI         ) Chapter 7
      Debtor                   )
                               )
_____    )
MARK A. WEISBART,              )
CHAPTER 7 TRUSTEE              )
      Plaintiff                )
                               )
vs.                            ) Case No. 20-04037
                               )
JAMELA SIDDIQI                 )
      Defendant                )
                               )
```

-----------------------------------

ORAL DEPOSITION OF

MUHAMMAD NASIR SIDDIQI

MARCH 24, 2021

-----------------------------------

ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI, produced
as a witness at the instance of the Plaintiff, and duly
sworn, was taken in the above-styled and numbered cause
on March 24, 2021, from 9:06 a.m. to 1:49 p.m., before
Nita G. Cullen, CSR in and for the State of Texas,
reported by machine shorthand, at The Law Office of Mark
A. Weisbart, 12770 Coit Road, Suite 541, in the City of
Dallas, County of Dallas, State of Texas, pursuant to
the Federal Rules of Civil Procedure.

ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

```
                                                        Page 2
 1                   A P P E A R A N C E S

 2

 3   FOR THE PLAINTIFF:

 4       MR. MARK A. WEISBART
         MR. JAMES S. BROUNER
 5       THE LAW OFFICE OF MARK A. WEISBART
         12770 Coit Road, Suite 541
 6       Dallas, Texas 75251
         972.628.4903
 7       mark@weisbartlaw.net
         jbrouner@weisbartlaw.net
 8

 9   FOR THE DEFENDANT:

10       MR. HERMAN "HAL" LUSKY
         LUSKY & ASSOCIATES, P.C.
11       P.O. Box 795812
         Dallas, Texas 75379
12       972.386.3900
         herman@lusky.com
13

14   FOR THE WITNESS:

15       MR. ERIC A. LIEPINS
         LAW OFFICES OF ERIC A. LIEPINS, P.C.
16       12770 Coit Road, Suite 1100
         Dallas, Texas 75251
17       972.991.5591
         972.991.5788 Fax
18

19   ALSO PRESENT:

20       MR. WILSON HUNG VU

21

22

23

24

25
```

ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

Page 3

1                                INDEX

2                                                          PAGE

3    Appearances......................................... 2

4    Stipulations........................................ 5

5    MUHAMMAD NASIR SIDDIQI
         Examination by Mr. Brouner...................... 5

6
     Reporter's Certificate.............................135

7

8
                               EXHIBITS

9
     NO.  DESCRIPTION                                      PAGE

10
     Exhibit  1    Subpoena to Testify at a Deposition.... 8

11   Exhibit  2    Subpoena to Produce Documents,
                   Information, or Objects or to Permit

12                 Inspection of Premises.................16

     Exhibit  3    Order to Compel Compliance with

13                 Subpoena...............................16

     Exhibit  4    Affidavit of Mohammad Siddiqi in

14                 Support of Response to Motion to
                   Compel.................................16

15   Exhibit  5    Final Decree of Divorce................28

     Exhibit  6    Original Petition, Application for

16                 Emergency Temporary Restraining Order,
                   Temporary Injunction, and Request for

17                 Injunctive Relief & Request for
                   Disclosures............................36

18   Exhibit  7    Order Granting Application to Compel
                   Arbitration and Staying Proceedings

19                 Pending Arbitration....................37

     Exhibit  8    Official Form 106Sum...................42

20   Exhibit  9    U.S. Return of Partnership Income -
                   2015...................................92

21   Exhibit 10    General Warranty Deed..................100

     Exhibit 11    Business Agreement.....................105

22   Exhibit 12    Certificate of Formation Limited
                   Liability Company, Dallas Desi

23                 Media LLC..............................116

     Exhibit 13    Texas Franchise Tax Public Information

24                 Report, Dallas Desi Media LLC..........118

     Exhibit 14    Loan Agreement.........................120

25

## ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

Page 4

1    Exhibit 15        Certificate of Formation of For-Profit
                       Corporation, AZ & Hiba Entertainment,
2                      Inc...................................122
     Exhibit 16        Texas Franchise Tax Public Information
3                      Report, Az & Hiba Entertainment, Inc..124
     Exhibit 17        Texas Franchise Tax Public Information
4                      Report, DFW Investigation & Protection,
                       Inc...................................127
5    Exhibit 18        Application for Reinstatement and
                       Request to Set Aside Revocation or
6                      Forfeiture............................127

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

Page 5

1                P R O C E E D I N G S

2                MUHAMMAD NASIR SIDDIQI,

3    having been first duly sworn, testified as follows:

4                MR. BROUNER:  Okay.  Hal, Eric, by the

5    rules?

6                MR. LIEPINS:  Sure by me.

7                MR. BROUNER:  Sure by you.  Okay.

8                     EXAMINATION

9    BY MR. BROUNER:

10       Q.  Mr. Siddiqi, my name is Jim Brouner.  I'm an

11   attorney for Mark Weisbart, the Bankruptcy Trustee

12   administering your bankruptcy estate.  Would you please

13   state your name for the record?

14       A.  Muhammad Siddiqi.

15       Q.  Okay.  Would you please spell that?

16       A.  M-O-H-A-M-M-A-D S-I-D-D-I-Q-I.

17       Q.  Okay.  Have you gone by any other names over

18   the last ten years?

19       A.  Nasir.

20       Q.  Sorry --

21       A.  Nasir.  N-A-S-I-R.

22       Q.  N-A-S --

23       A.  N-A-S-I-R.

24       Q.  N-A-S-I-R.

25       A.  Yes, sir.

## ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

Page 8

1      A.  No, sir.

2      Q.  Okay.  Have you been diagnosed with any

3  cognitive issues, like dementia or Alzheimer's?

4      A.  No, sir.

5      Q.  Okay.

6          (DEPOSITION EXHIBIT 1 MARKED.)

7      Q.  (By Mr. Brouner)  I will hand to you what's

8  been marked as Exhibit 1.  Eric, have you seen this

9  document before?

10     A.  Can I ask him?  Is the same you send to me?

11         MR. LIEPINS:  That's the document we sent

12  to you.

13     A.  Yes.

14     Q.  (By Mr. Brouner)  Okay.  Do you understand that

15  this document is a subpoena requiring you to testify

16  here today?

17     A.  Yes, sir.

18     Q.  Okay.  And if you look at the last page of the

19  document, it requires you to produce certain tax returns

20  for yourself for the tax years 2011, 2012, 2013 and 2014

21  and any amendments to same.  Have you brought those

22  documents here today?

23     A.  Sir, I do not find any 2011, '12, '13.

24     Q.  Okay.  What actions did you take to try to

25  locate these documents?

## ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

Page 9

1      A.  Tried to look for my e-mails and my paperwork,

2   did not find any.

3      Q.  Okay.  Where would you -- where would your

4   files be?  Would they be at home or in an office?

5      A.  Home.

6      Q.  Okay.  Why would you have looked at an e-mail

7   for these documents?

8      A.  Because I think whoever prepared my tax

9   sometime he e-mail me, so I did not find.

10      Q.  Okay.  And for these calendar years, for these

11   returns, who would that person have been?

12      A.  Juan.  I don't know his last name.  His name is

13   Juan.

14      Q.  Okay.  Did you locate e-mails from Juan on your

15   computer?

16      A.  Yes, sir.

17      Q.  Okay.  Did you contact Juan for him to send you

18   copies of these tax returns?

19      A.  No, sir.

20      Q.  Why didn't you?

21      A.  Because he don't return the call.  I tried to

22   call him like before he ask me, so I tried to call him

23   like a month ago, he didn't return the call.

24      Q.  Do you know where Juan offices?

25      A.  Is by 302 -- 3010 LBJ Freeway.

## ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

Page 10

1     Q.   So, he's close by here?

2     A.   Yes.

3     Q.   Did you go to visit him?

4     A.   No, sir.

5     Q.   Did you -- so, you didn't stop on the way here

6     today or yesterday to see if he could get those returns?

7     A.   (Witness shakes head negatively.)

8     Q.   Mr. -- you'll have to verbally --

9     A.   No, sir.

10    Q.   Did you contact the Internal Revenue Service to

11    get copies of these returns?

12    A.   No, sir.

13    Q.   Why did you not?

14    A.   I don't know.  I should.

15    Q.   Okay.  Did you speak to anybody about how to

16    get these returns?

17    A.   No, sir.

18    Q.   Is Juan -- is Juan an accountant?

19    A.   Yes, sir.

20    Q.   Okay.  Were returns filed for these particular

21    years?

22    A.   I don't remember, sir.

23    Q.   Okay.  Have there been years where you have not

24    filed your tax returns?

25    A.   I did not file '19.

## ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

Page 16

1      A.  Sohail, S-O-H-A-I-L.

2              (DEPOSITION EXHIBITS 2, 3 AND 4 MARKED.)

3      Q.  (By Mr.  Brouner) I'll hand to you what's been

4  identified -- marked as Exhibit 2.  Have you seen this

5  document before?

6      A.  Yes, sir.

7      Q.  Okay.  Do you have an understanding of what

8  that document required of you?

9      A.  It was asking the bank statement and credit

10  card statement.

11     Q.  Okay.  If you would, turn to page 8 of that

12  document.

13     A.  Yes, sir.

14     Q.  So, this document is a subpoena for you --

15  subpoena to produce documents.

16     A.  Yes, sir.

17     Q.  And this document requires you to undertake an

18  effort to produce various documents to document

19  requests.

20     A.  Yes, sir.

21     Q.  Beginning on page 8, top of the page, it

22  provides documents to be produced.  Have you seen this

23  list of document requests from page 8 to page 11?

24     A.  Yes, sir.

25     Q.  Okay.  What efforts did you make to locate and

## ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

Page 17

1   produce documents to comply with this request?

2       A.  Try my best to give all the documents to Mr.

3   Eric.

4       Q.  Okay.  What did you do to try to locate these

5   documents?

6       A.  The credit card statement, I try to talk to

7   several people, because first, I was thinking going to

8   be online because since I file bankruptcy, they don't

9   talk to.  Probably you guys know better than me, when

10  you file bankruptcy, even I cannot make payments for my

11  cars, I have to call them put on hold for hour, two

12  hour, and their answer is, talk to your attorney.

13      Q.  Okay.  What about your bank statements?

14      A.  Bank statements, I give it to Mr. Eric whatever

15  you guys request, and they already close my account, my

16  personal account since -- I don't remember the date, but

17  when the judgment from Ropal, so I cannot get the

18  documents from them, but I get some, and I give it to

19  him.

20      Q.  How do you communicate with Jamela?

21      A.  Over the phone.

22      Q.  You don't -- you haven't text or e-mail her?

23      A.  If it's something business, yes, sir.

24      Q.  Does Hiba file tax returns?  I'm sorry.  Let me

25  rephrase that.  What is Hiba Entertainment, H-I-B-A?

## ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

Page 20

1    question.  Does Hiba file federal tax returns?

2    A.  Yes, sir.

3    Q.  Okay.  Did Hiba file a tax return for 2017?

4    A.  I don't remember.  I think no.

5    Q.  How about for 2018?

6    A.  No, sir.

7    Q.  Who would regularly prepare the Hiba tax

8    returns?

9    A.  Same guy, Juan.

10    Q.  In the requests to produce Hiba's tax returns

11    in accordance with Exhibit 2, did you reach out to Juan

12    to obtain those tax returns?

13    A.  Yes, sir.

14    Q.  Could you not get them from Juan?

15    A.  No, sir.

16    Q.  Why not?

17    A.  Like I said, I don't know if somehow he not

18    talk to me.

19         MR. BROUNER:  Eric, let's go off the record

20    for a second.

21         (OFF THE RECORD FROM 9:35 TO 9:36 A.M.)

22    Q.  (By Mr. Brouner)  Did you reach out to the IRS

23    to obtain the Hiba tax returns?

24    A.  I did for Hiba, yes, sir.  Take like one hour

25    something, so I just hang up.

## ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

Page 21

1    Q.  How many times did you try to call the IRS for

2    the tax returns?

3    A.  Only one time.

4    Q.  Did you send them a letter?

5    A.  No, sir.

6    Q.  Did you go to the IRS website to retrieve the

7    returns?

8    A.  No, sir.

9    Q.  Did you go to the IRS website to retrieve your

10   own tax returns?

11   A.  No, sir.

12   Q.  I'll hand you what's been marked as Exhibit 3.

13   Do you recall seeing that document?

14   A.  Yes, sir, I remember.

15   Q.  Okay.  And this document is an Order to Compel

16   Compliance with Subpoena, correct?

17   A.  Yes, sir.

18   Q.  Okay.  And this was -- order was entered by the

19   bankruptcy court after a hearing to require you to

20   comply with a subpoena, which is Exhibit 2, correct?

21   A.  Yes, sir.

22   Q.  Okay.  And this -- if you look at Footnote 1 to

23   this order, it required you to affirmatively contact and

24   recover the documents from your creditors, banks,

25   financial institutions and credit card companies, to the

ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

1   extent that you do not -- do not retain physical

2   possession of the documents requested, correct?

3       A.  Yes, sir.

4       Q.  Okay.  So, what, in addition to what you did to

5   comply with the subpoena originally, did you undertake

6   to comply with the Court's order?

7       A.  I give it to some documents to Mr. Eric.

8       Q.  Okay.  That wasn't the question.  The question,

9   what did you do to -- in addition to what you did to

10  comply with this original subpoena, which is Document 2

11  here, Exhibit 2, did you undertake, after the Court

12  entered the order?  What additional efforts did you make

13  to retrieve the documents required by the Court?

14      A.  I call the credit card company, again, and I

15  have their recorded conversation, they -- I've been

16  holding for them, and they told me they don't have

17  anything to provide me for the credit card is Citibank,

18  Citi credit card, not Citibank.  And I got some, so I

19  give it to Mr. Eric.

20      Q.  Anything else you did to comply with the

21  Court's order?

22      A.  No, sir.  I just called him, and I looked for

23  the documents.  I did not find any.

24      Q.  Did you go back to Juan, your tax preparer, to

25  get tax returns?

## ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

Page 23

1      A.  No, sir.

2      Q.  I'll hand you what's been marked as Exhibit 4.

3  This is a document entitled -- it's your Affidavit in

4  support of your response to the motion to compel,

5  correct?

6      A.  Yes, sir.

7      Q.  Okay.  And the last page, is that your

8  signature?

9      A.  Yes, sir.

10     Q.  Now, you signed this affidavit, as you've

11  testified, you spell your name with an "O,"

12  M-O-H-A-M-M-A-D, right?

13     A.  Yes, sir.

14     Q.  Okay.  You filed the bankruptcy case with a

15  "U," M-U-H-A-M-M-A-D.

16     A.  Yes, sir.

17     Q.  Why are you flip-flopping on the spelling of

18  your name?

19     A.  Sir, I've been using M-U-H-A-M-M-A-D since I'm

20  here, like most eighteen years.  And I don't use M-O.  I

21  don't know why, but I'm always using M-U.  After the

22  asking for my Social Security, and I don't know what's

23  my, so I have to go to find my Social Security, Social

24  Security office.  So, when they gave it to me, it's

25  showing with M-O.  So since I then almost like four or

## ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

Page 44

1      A.  Page 3, right?

2      Q.  Yes.  Well, actually, go to the top.  We're

3  using these numbers here.

4      A.  Okay.  Sorry.  Page 3.

5      Q.  Okay.  You with me?

6      A.  Yes, sir.

7      Q.  Okay.  So, in response to any real property,

8  you identified your home at 6701 Havenhurst, correct?

9      A.  Yes, sir.

10      Q.  Okay.  What other -- did you have any other

11  real estate in 2018?

12      A.  No, sir.

13          MR. LUSKY:  Did you mean 2018 or 2019?  The

14  specials are in 2019.

15          MR. BROUNER:  I meant 2018.

16          MR. LUSKY:  Okay.

17          MR. BROUNER:  Thank you.

18      Q.  (By Mr. Brouner) Did you have any other real

19  estate when you filed these papers in November of 2019?

20      A.  No, sir.

21      Q.  Turning to the next page, you listed various

22  cars.  Did you own any other cars in 2018 that are not

23  listed here in 2019?

24      A.  No, sir.  This is it.

25      Q.  Okay.  Let's talk about -- I understand you had

ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

Page 66

1      A.   Yeah, I made.

2      Q.   And that pertained to just your wages, is that

3   right?

4      A.   Yes.

5      Q.   Okay.  Turn to the next page, page 30.  It

6   says, for purposes of 2018, January 1st through

7   December 31st, you had $124,920 of gross income, is that

8   right?

9      A.   Yes, sir.

10      Q.   But it reflects -- the box was checked that it

11   was from operating a business.  Can you tell me what

12   business you were operating from which that income was

13   derived?

14      A.   Eagle.

15      Q.   Was that wages from Eagle, or was that 1099

16   income, or were you an interest holder in Eagle

17   Protective Group?

18      A.   They give me the checks when I get more

19   accounts, they give me, what do you call, like bonus

20   check.

21      Q.   Bonus checks?  Commissions?

22      A.   Yeah, commission, right.  Thank you.

23      Q.   So, that's completely commissions?

24      A.   No, no, wage and commission.

25      Q.   Okay.

ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

Page 67

1      A.  Salary and commission.

2      Q.  Okay.  So, you're telling me that the box

3  was -- wrong box was checked?  You either have the top

4  box that says, wages, commissions and bonuses and tips,

5  or you have operating a business.  I'm just asking you

6  which one it was.  Was it inadvertently checked or not?

7  That's my question.  If you want a few minutes to

8  consult with your counsel --

9             MR. LIEPINS:  I think he's answered it's

10  wages and commissions.  The box was inappropriately

11  checked in our office.

12     Q.  (By Mr. Brouner)  Okay.  Same for 2017?

13     A.  Yes, sir.

14     Q.  Okay.  Before we leave that, one question.  So,

15  you had testified earlier that you moved out of the

16  Tanglewood home in 2008, is that correct?

17     A.  Yes, sir.

18     Q.  Okay.  Where did you move to?

19     A.  She purchased the house from me in 1109

20  Lakestream Drive.

21     Q.  Okay.  And that was in 2008, and you moved out

22  of the house in 2008, and it took two years for you to

23  finalize the divorce?

24     A.  Two years?

25     Q.  Well, the divorce decree was 2010, and you

ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

Page 108

1      A.  No, sir.

2      Q.  And why not?

3      A.  I know because I don't want to be involved with

4  her business.  It's her business.

5      Q.  Okay.  But I think you've previously testified

6  that, you know, you basically do the laboring arm of the

7  business.  If it wasn't for you, she'd have no business,

8  is that right?

9      A.  Yes, sir.

10     Q.  So, you're kind of the linchpin of the

11  business.

12     A.  Yes, sir.

13     Q.  You basically manage most of the operations?

14     A.  Yes, sir.

15     Q.  And I think it was formed in 2003, so you've

16  been doing it for seventeen years?

17     A.  Yes, sir.

18     Q.  Now, I understand you hold all the licenses or

19  certifications, is that correct?

20     A.  That's correct.

21     Q.  Okay.  She doesn't have any of that, does she?

22     A.  She have only owner license.

23     Q.  Pardon?

24     A.  The owner license.

25     Q.  The owner license.

## ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

Page 109

1      A.  Yes, sir.

2      Q.  And how many licenses and certifications do you

3  have with respect to that business?

4      A.  I have a manager license.

5      Q.  How many licenses for Eagle do you have?

6      A.  Four license.  Four or five license.

7      Q.  Okay.  And how much -- how much time -- well,

8  did you get all four licenses at the same time or at

9  different times?

10      A.  Different times.

11      Q.  Okay.  So, what was the first license you got?

12      A.  First license got for non-commission office,

13  like as a security guard license.

14      Q.  Security guard license.  And how much

15  training -- how many hours of training did you have to

16  put in to get that license?

17      A.  She trained me because she was the manager, and

18  manager allow to train level two officer.

19      Q.  Okay.  And how long ago -- what year did you

20  get that license?

21      A.  2000, 2001.

22      Q.  Okay.  So, you've had that license before she

23  formed the company.

24      A.  Yes.

25      Q.  Okay.  What's the second license?

## ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

Page 110

1      A.  She has a company, then she -- I'm sorry, say

2   it again, your question.

3      Q.  You said there were four or five licenses.

4   What's the second one that you --

5      A.  No.  Before this question.  You asked me about

6   she had a company before I have license, right?

7      Q.  Her company was formed in 2003, I believe.

8      A.  Yes, sir.  So, she apply my license, like I

9   cannot do it my own until Eagle apply.

10      Q.  Okay.

11      A.  Yes, sir.

12      Q.  So, after your security guard license, what's

13   the next license you got?

14      A.  It's called commission license.

15      Q.  Okay.  And how many hours does it take to train

16   or study to get that license?

17      A.  40 hours.

18      Q.  20?

19      A.  40.

20      Q.  40.  And do you have to go someplace to study?

21      A.  Yes.

22      Q.  Where?

23      A.  It's called Texas Handgun Academy.

24      Q.  Texas what?

25      A.  Texas Handgun Academy.

## ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

Page 111

1       Q.  Handgun.

2                 MR. LUSKY:  I didn't catch that.

3                 MR. WEISBART:  Handgun.

4                 MR. LUSKY:  Handgun.

5       Q.  (By Mr. Brouner)  And when did you obtain that

6   license, approximately?  What year?

7       A.  I don't remember, sir, it's been a long time.

8       Q.  Okay.  How about the third license?

9       A.  It's a manager license.

10      Q.  Manager license?

11      A.  Yes.

12      Q.  And how many hours of training or study did you

13  have to take for that?

14      A.  I have to study and then take a test for the

15  manager, for written exam.

16      Q.  How many hours do you think --

17      A.  Two hours.

18      Q.  Two hours to study?  Okay.  And what's the

19  fourth license?

20      A.  It's called personal protection officers.

21      Q.  Okay.  And how many hours of study --

22      A.  It's four hours.

23      Q.  Four?  And anymore?

24      A.  Supervisor license.

25      Q.  Supervisor.  How many hours of study or

ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

Page 122

1    Q.  So this was after you were being sued?  Is that

2  what you said?

3    A.  No, no, no.  2000 -- yeah, after I been sued

4  with Ropal.

5    Q.  Okay.

6    A.  Yes, sir.

7    Q.  So, Mohammad showed you this document, which

8  was already signed.  Is that your testimony?

9    A.  No, I ask him, I said, what he's talking about?

10  So, he said, you remember this document?  I said, no.

11    Q.  Okay.  So, this agreement is dated January 4th

12  of 2018 at the top there.

13    A.  Yes, sir.

14    Q.  So, you didn't see this back in January

15  of 2018?

16    A.  No, sir.

17    Q.  What do you know about an entity called AZ &

18  Hiba Entertainment?

19    A.  Yes, sir.

20    Q.  You know that entity?

21    A.  (Witness nods head affirmatively.)

22    Q.  What is AZ & Hiba Entertainment?

23    A.  The same with the starting the company.  I

24  don't remember the date.  I don't know the date.

25            (DEPOSITION EXHIBIT 15 MARKED.)

## ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

Page 123

1        Q.  (By Mr. Brouner)  I'll hand you what's been

2    marked as Exhibit 15.  So, this is a Certificate of

3    Formation For-Profit Corporation of AZ & Hiba

4    Entertainment, Inc., is it not?

5        A.  Yes, sir.

6        Q.  Were you aware of the formation of this

7    company?

8        A.  Yes, sir.

9        Q.  Okay.  And whose idea was it to form this

10   company?

11       A.  The idea was happen because when the American

12   Airline decide they don't want to give anybody money,

13   and after I find out, they said they have a one name AZ

14   & Hiba Entertainment, and then, we decide -- I decide go

15   ahead and open a company.

16       Q.  Okay.  And this was formed September of 2018.

17       A.  Yes, sir.

18       Q.  And it was formed by Laura Mounan.  Is that

19   your daughter?

20       A.  Yes, sir.

21       Q.  Who else is part owner of this company, besides

22   yourself?

23       A.  Beside her?

24       Q.  Who are the owners of this company?

25       A.  Only her.

## ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

Page 124

1      Q.  Oh, she's the owner.

2      A.  Yeah.

3      Q.  So, you have any interest -- you don't have any

4  interest in this company?

5      A.  No, sir.

6      Q.  What does the company do?

7      A.  Nothing.

8      Q.  What was the intention?

9      A.  We do the shows.

10     Q.  Has it put on any shows?

11     A.  No, sir.

12     Q.  Has it opened a bank account?

13     A.  No, sir.

14     Q.  So, was this your idea to open this company or

15  hers?

16     A.  Mine.

17     Q.  So, she would just be the front person for you?

18     A.  Yes.

19     Q.  Who is Bushra Sohail?  That's your sister?

20     A.  Yes.

21     Q.  She involved with the company, as well?

22     A.  This company?

23     Q.  Yes.

24     A.  I don't remember.

25     Q.  Okay.  Well, if she --

ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

Page 125

1          (DEPOSITION EXHIBIT 16 MARKED.)

2      Q.  (By Mr. Brouner)  I'll hand you what's been

3  marked as Exhibit 16.

4      A.  Yes, sir.

5      Q.  So, you'll see that the -- is that your

6  sister's signature at the bottom?

7      A.  I don't know, sir.

8      Q.  You don't know.  But in Section A there

9  under -- in that box, that's her -- that's your sister's

10  name?

11      A.  Yes, sir.

12      Q.  Okay.  Is there any reason why that the

13  company's maintaining its status, if it's not having

14  shows?  Does it intend -- I'm sorry.  Please answer.

15      A.  I'm sorry.  Say it again.

16      Q.  Okay.  What is the reason for the company to

17  maintain its status, if it's not promoting any shows?

18      A.  We open the company because when happened after

19  the show, so my daughter decide let me handle it, I do

20  all the paperwork and everything because I just

21  believing everyone, and I'm going to be front of people

22  all the documents because after we find out it's no

23  documents at American Airlines, so they tried to step

24  forward and say, let's do the shows for new company, but

25  there's no shows.

ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

Page 126

1          Q.   Are you familiar with a company called DFW

2     Investigation & Protection?

3          A.   Yes, sir.

4               MR. LUSKY:  Before you go any further, what

5     is Exhibit 16?

6               MR. BROUNER:  Exhibit 16 --

7               MR. LUSKY:  You were just asking him --

8     apparently, there's only one copy of it.

9               MR. BROUNER:  I'll get one for you.  Uno

10    momento.  You want more paper, Hal?

11              MR. LUSKY:  Huh?

12              MR. BROUNER:  You want more paper?

13              MR. LUSKY:  No, this is fine.

14         Q.   (By Mr. Brouner)  Okay.  What is DFW

15    Investigation & Protection?

16         A.   Same thing, security guards.

17         Q.   Is this your company?

18         A.   Yes, sir.

19         Q.   Okay.  And it formed in 2016?

20         A.   I believe so, yes, sir.

21         Q.   Okay.  Why did you need a company when you had

22    worked for Eagle Protective Group?

23         A.   Going to open an investigation company, so

24    after that, we merge the license for Eagle Protective,

25    so we don't run this company.

ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

```
                                                    Page 135
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF TEXAS
 2                     SHERMAN DIVISION

 3  IN RE:                          ) CASE NO. 19-42834
    MUHAMMAD NASIR SIDDIQI          ) Chapter 7
 4          Debtor                  )
    _____ )
 5  MARK A. WEISBART,               )
    CHAPTER 7 TRUSTEE               )
 6          Plaintiff               )
                                    )
 7  v.                              ) Case No. 20-04037
                                    )
 8  JAMELA SIDDIQI                  )
            Defendant               )
 9                                  )

10

11          -----------------------------------

12              DEPOSITION CERTIFICATE

13              MUHAMMAD NASIR SIDDIQI

14                MARCH 24, 2021

15          -----------------------------------

16

17          I, Nita G. Cullen, Certified Shorthand

18  Reporter in and for the State of Texas, hereby certify

19  to the following:

20              That the witness, MUHAMMAD NASIR

21  SIDDIQI, was duly sworn by the officer and that the

22  transcript of the oral deposition is a true record of

23  the testimony given by the witness;

24              I further certify that pursuant to FRCP

25  Rule 30(f)(1) that the signature of the deponent:
```

ORAL DEPOSITION OF MUHAMMAD NASIR SIDDIQI

Page 136

1          ____ was requested by the deponent or a

2     party before the completion of the deposition and is to

3     be returned within 30 days from date of receipt of the

4     transcript.  If returned, the attached Changes and

5     Signature Page contains any changes and the reasons

6     therefor;

7          ✓ was not requested by the deponent or a

8     party before the completion of the deposition.

9          I further certify that I am neither

10    attorney or counsel for, nor related to or employed by,

11    any of the parties or attorneys to the action in which

12    this deposition was taken.  Further, I am not a relative

13    or employee of any attorney of record in this case, nor

14    am I financially interested in the outcome of the

15    action.

16          Subscribed and sworn to on this 23rd day of

17    April, 2021.

18

19

20    _____
      NITA G. CULLEN, Texas CSR #1563
21    Expiration Date:  08-31-2022
      BRADFORD COURT REPORTING, L.L.C.
22    Firm Registration No. 38
      7015 Mumford Street
23    Dallas, Texas  75252
      972.931.2799
24    972.931.1199 Fax

25

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

EASTERN                          District of                    TEXAS

In re     MUHAMMAD NASIR SIDDIQI
                    Debtor

                                        Case No.  19-42834

*(Complete if issued in an adversary proceeding)*

MARK A. WEISBART, CHAPTER 7 TRUSTEE        Chapter        7
                    Plaintiff
                      v.
                                        Adv. Proc. No.  20-04037
          JAMELA SIDDIQI
                   Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Muhammad Nasir Siddiqi c/o Eric A. Liepins, Law Office of Eric A. Liepins, P.C., 12770 Coit Road, Suite 1100, Dallas, TX 75251
                    *(Name of person to whom the subpoena is directed)*

■ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Munck Wilson Mandala LLP 12770 Coit Road, Suite 600 Dallas, TX 75251 | **March 24, 2021 at 9:00 a.m. CDT** |

The deposition will be recorded by this method:
        stenographic means by a certified court reporter authorized to administer oaths

■ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Attachment A

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

        CLERK OF COURT

                                    OR

        _____              _____
        *Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
   Mark A. Weisbart            , who issues or requests this subpoena, are:
   James S. Brouner, 12770 Coit Road, Ste. 541, Dallas, TX  75251; email: jbrouner@weisbartlaw.net; Tel: (972) 628-4902

                **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Deposition Exhibit**

1

Nita Cullen

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**ATTACHMENT A**

**DOCUMENTS TO BE PRODUCED**

1. Muhammad Nasir Siddiq's federal tax returns for the tax years 2011, 2012, 2013 and 2014, and all amendments to same, if any

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

| | | |
|---|---|---|
| EASTERN | District of | TEXAS |

In re   **MUHAMMAD NASIR SIDDIQI**
_____Debtor_____

Case No. __19-42834__

*(Complete if issued in an adversary proceeding)*

**MARK A. WEISBART, CHAPTER 7 TRUSTEE**
_____Plaintiff_____

Chapter __7__

v.

**JAMELA SIDDIQI**
_____Defendant_____

Adv. Proc. No. ___20-04037___

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Muhammad Nasir Siddiqi c/o Eric A. Liepins, Law Office of Eric A. Liepins, P.C., 12770 Coit Road, Suite 1100, Dallas, TX 75251
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   **See Exhibit "A" attached**

| PLACE   The Law Office of Mark A. Weisbart<br>12770 Coit Road, Suite 541<br>Dallas, TX 75251 | DATE AND TIME<br>November 30, 2020 at 5:00 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, **photograph,** test, or sample the property or any designated **object** or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __11/16/2020__

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_____
Attorney's signature

Deposition Exhibit
2
Nita Cullen

The name, address, email address, and telephone number of the attorney representing *(name of party)*
___Mark A. Weisbart___ , who issues or requests this subpoena, are:
James S. Brouner   12770 Coit Rd, Ste 541, Dallas TX 75251   jbrouner@weisbartlaw.net   (972) 628-4902

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

                                         _____
                                           *Server's signature*

                                       _____
                                         *Printed name and title*

                                         _____
                                         *Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

IN RE:

MUHAMMAD NASIR SIDDIQI

                      DEBTOR

MARK A. WEISBART,
CHAPTER 7 TRUSTEE

                      PLAINTIFF

V.

JAMELA SIDDIQI

                      DEFENDANT

CASE NO. 19-42834
CHAPTER 7

ADVERSARY NO. 20-04037

**EXHIBIT "A" TO SUBPOENA DUCES TECUM**

## I. DEFINITIONS

In connection with the Documents herein requested, you are to use and apply the following definitions:

(a)    **"Document"** and **"Documents"** are used in their broadest sense and shall mean every writing however produced or reproduced and regardless of origin, whether handwritten, typed, printed,, micro-filmed, photostated, or recorded and any graphic matter of every kind and description, together with all attachments and appendices thereto, including, but not limited to, agreements, contracts, communications, correspondence, memoranda, telecopies, stenographic or handwritten notes (including notes of meetings and conversations), letters, telegrams, messages (including reports of

Exhibit "A"

telephone conversations and conferences), tapes (including voice
recordings and videotapes), records of conversations, transcripts, studies,
analyses, comparisons, demands, schedules, recordings, papers, data sheets,
publications, books, circulars, brochures, pamphlets, bulletins, notices,
instructions, drafts, notebooks, diaries, calendars, articles, news clips and
newspapers, press releases, films, photographs, sketches, drawings, charts,
diagrams, forms, manuals, lists, surveys, records, computer records, work
papers, invoices, shipping documents, bills of lading, packing lists, delivery
orders, custom reports, billing statements, airways bills, purchase orders,
financial reports and statements, balance sheets, profit and loss statements,
statements of earnings, statements of net worth, statements of operation,
auditor reports, audit work papers, financial reports and summaries, income
statements, statements or lists of assets, bank statements, checking
statements, checks, deposit receipts, canceled checks, wire transfer
acknowledgments or receipts, accounts payable ledgers, accounts
receivable ledgers, appraisals, notes, security agreements, financing
statements, certificates of title, commitment letters, commission
agreements, expense records, opinions, legal opinions, expert opinions,
reports, minutes of meetings or consultations, and other such materials. The
term "Document" further includes any and all "electronically stored
information" including, without limitation, writings, emails, drawings,
graphs, charts, photographs, sound recordings, images, and other data or
data compilations stored in any medium from which information can be

Exhibit "A"

obtained including those generated by use of a computer, whether or not reduced to paper, and specifically includes any and all writings or graphic matters stored on a server computer, a computer disc, CD-Rom, or external hard drive in whatever shape or form. The terms further include all documents now or formerly in Defendant's actual or constructive possession, custody or control or his counsel, representatives, or other third parties from whom such documents may be obtained or of which Defendant or his counsel have knowledge. The terms also include every copy of any document which contains any commentary, notation or variation whatsoever that does not appear in the original. Documents shall not include any documents previously produced in connection with the 2004 examination of Tracey L. Gelling pursuant to the Order entered on November 13, 2019 in the Hall case.

(b)     **"Person(s)"** refers to natural Persons, corporations, partnerships, proprietorships, associations, organizations, governmental entities, groups of Persons, or any other entities or institutions of whatever nature, whether formed for a business purpose, a governmental purpose or any other purpose.

(c)     **"Relating to"** means, without limitation, related to, referencing, reflecting, evidencing, constituting, disclosing, detailing, discussing, identifying, recording, describing, pertaining to in any respect.

(d)     **"Identify(ing)"** means,

        (i)     When referring to a communication, to the extent the

Exhibit "A"

communication was written, to identify the document(s) which refer to or evidence the communication and, to the extent the communication was verbal, to state the Person(s) making the communication, any and all Persons to whom the communication was directed, any and all Persons who may have overhead the communication, whether or not such Persons in fact did, the manner in which the communication was conveyed, the date, time and place of the communication, and the substance of the communication.

(ii)        When referring to a Document, state the title and date of the document, a summary of its contents, the author of the document, the circumstances surrounding creation or production of the document, when the document was first received, all Persons who received a copy of the document at any time subsequent to its creation or if received from another Person since its receipt.

(iii)        When referring to a fact, describe with specificity, each and every fact, ultimate fact, circumstance, occurrence, incident, act, omission, event relating to otherwise pertaining to the matters inquired of in the subject interrogatory, and its date, place of occurrence, all Persons involved or witness such occurrence or with knowledge relating to such occurrence or fact, whether such Persons were witness or who were advised or

Exhibit "A"

told of such occurrence or fact at any point thereafter.

(iv)    When referring to business entity, state the entity's name, business address and telephone, its corporate form and state of incorporation or organization;

(v)    When referring to a natural Person, state the Person's name, current or last known residential address and telephone number and current or last known business address and telephone number.

(e)    "**Describe**" when used with respect or in connection with an act, occurrence, event, fact or state of affairs, shall require a description of the act, occurrence, event, fact or state of affairs referred to; the identifying of all Persons who may possess or have knowledge and the manner in which such knowledge may have been acquired; and the statement of what acts were performed, accomplished or attempted by each Person who in any way participated in or was present at the event, fact or occurrence being described.

(f)    "**Evidencing**" means tending to show in any probative manner the existence or non-existence of any matter the subject of the request.

(g)    "**You**" means Muhammad Nasir Siddiqi.

(h)    "**Debtor**" means Muhammad Nasir Siddiqi, debtor in the Siddiqi Case.

(i)    "**Siddiqi Case**" means the bankruptcy case filed by Muhammad Nasir Siddiqi on October 16, 2019, case no. 19-42834.

(j)    "**Siddiqi Petition Date**" means October 16, 2019.

Exhibit "A"

(k)  **"Defendant"** means Jamela Siddiqi, her employees, agents, officers, directors, and all Persons acting or purporting to act on its behalf.

(l)  **"Jamela Siddiqi"** or **"JS"** means Jamela Siddiqi, defendant in the Adversary Proceeding.

(m)  **"Trustee"** or **"Plaintiff"** means Mark A. Weisbart, Chapter 7 Trustee and plaintiff in this lawsuit.

(n)  **"Bankruptcy Court"** means the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division.

(o)  **"Adversary Proceeding"** means the adversary proceeding styled *Mark A. Weisbart, Chapter 7 Trustee v. Jamela* Siddiqi, Adv. No. 20-04037, filed in connection with the Siddiqi Case.

(p) **"Answer"** means Defendant's answer filed in the Adversary Proceeding.

(q)  **"Trial"** means the trial in the Adversary Proceeding.

(r)  **"Complaint"** means Trustee's Original Complaint filed on February 28, 2020, commencing the Adversary Proceeding

(s)  **"Deed Transfer"** means that deed transferring Debtor's interest in the Lakestream Property on July 19, 2018, a copy which is attached hereto as Exhibit "1."

(t)  **"Lakestream Property"** means that property identified as 1109 Lakestream Drive, Plano, Texas 75075.

(u)  **"Ropal Litigation"** means that certain dispute involving Ropal Entertainment, LLC, Hiba Entertainment, Inc., Mohammad Nasir Siddiqi and Azhar Qasmi commenced in 2017 that resulted in that certain Final

Exhibit "A"

Judgment on Award of Arbitrator entered in *Ropal Entertainment, LLC v. Hiba Entertainment, Inc., Mohammad Nasir Siddiqi and Azhar Qasmi*, Cause No. DC-18-09276, in the 193rd Judicial District Court, Dallas County, Texas, signed on March 7, 2019.

Exhibit "A"

## II. DOCUMENTS TO BE PRODUCED

**PRODUCTION OF DOCUMENTS NO. 1:**
All Documents which identify or evidence all of your debts or liabilities for the time period January 1, 2018, through December 31, 2018.

**RESPONSE:**

**PRODUCTION OF DOCUMENTS NO. 2:**
All Documents which identify all claims asserted against You for the time period January 1, 2018, through December 31, 2018.

**RESPONSE:**

**PRODUCTION OF DOCUMENT NO. 3:**
All of Your bank account statements for calendar year 2018.

**RESPONSE:**

**PRODUCTION OF DOCUMENTS NO. 4:**
All of Your credit card statements for 2018.

**RESPONSE:**

**PRODUCTION OF DOCUMENTS NO. 5:**
All Documents which relate to or evidence communications, including, without limitation, emails, texts and correspondence, between You and JS concerning the Lakestream Property since July 26, 2010.

**RESPONSE:**

**PRODUCTION OF DOCUMENTS NO. 6:**
All Documents which relate to or evidence communications, including, without limitation, emails, texts and correspondence, between You and JS concerning or relating to the Ropal Litigation.

**RESPONSE:**

Exhibit "A"

**PRODUCTION OF DOCUMENTS NO. 7:**
All bills from phone companies for the period May 1, 2017, through March 31, 2019, that identify and evidence Your phone calls and texts to and from third parties.

**RESPONSE:**

**PRODUCTION OF DOCUMENTS NO. 8:**
All Documents which evidence, reflect or refer to the Deed Transfer at issue in the Adversary Proceeding.

**RESPONSE:**

**PRODUCTION OF DOCUMENTS NO. 9:**
All Documents that evidence, refer or reflect any oral agreements between You and JS related in any way to the Deed Transfer or the Lakestream Property.

**RESPONSE:**

**PRODUCTION OF DOCUMENTS NO. 10:**
All Documents identifying or evidencing the assets You owned during the period January 1, 2018, through December 31, 2018.

**RESPONSE:**

**PRODUCTION OF DOCUMENTS NO. 11:**
All Documents identifying or evidencing the value of any of the assets You owned during the period January 1, 2018, through December 31, 2018.

**RESPONSE:**

**PRODUCTION OF DOCUMENTS NO. 12:**
Your federal tax returns for 2015, 2016, 2017 and 2018.

**RESPONSE:**

Exhibit "A"

**PRODUCTION OF DOCUMENTS NO. 13:**
The federal tax returns for Hiba Entertainment, Inc. for 2018.

**RESPONSE:**


**PRODUCTION OF DOCUMENTS NO. 14:**
All financial records of Hiba Entertainment, Inc. for 2018, including, without limitation, financial statements, balance sheets, cash flow statements, bank account statements, credit card statements and contracts.

**RESPONSE:**


**PRODUCTION OF DOCUMENTS NO. 15:**
All Documents which identify or evidence the debts or liabilities of Hiba Entertainment for the time period January 1, 2018, through December 31, 2018.

**RESPONSE:**


**PRODUCTION OF DOCUMENTS NO. 16:**
All Documents which identify or evidence all assets of Hiba Entertainment at any time during the time period January 1, 2018, through December 31, 2018.

**RESPONSE:**


**PRODUCTION OF DOCUMENTS NO. 17:**
All Documents identifying or evidencing the value of any of the assets Hiba owned during the period January 1, 2018, through December 31, 2018.

**RESPONSE:**


**PRODUCTION OF DOCUMENTS NO. 18:**
All Documents which relate to or evidence communications, including, without limitation, emails, texts and correspondence, between You and any other person concerning the Lakestream Property during the period May 1, 2017, and March 31, 2019.

**RESPONSE:**

Exhibit "A"

**PRODUCTION OF DOCUMENTS NO. 19:**

All Documents which relate to or evidence communications, including, without limitation, emails, texts and correspondence, between You and any other person, other than Your attorneys, concerning or relating to the Ropal Litigation.

**RESPONSE:**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| IN RE:<br><br>MUHAMMAD NASIR SIDDIQI<br><br>     DEBTOR | CASE NO. 19-42834<br>CHAPTER 7 |
| MARK A. WEISBART,<br>CHAPTER 7 TRUSTEE<br><br>     PLAINTIFF<br><br>V.<br><br>JAMELA SIDDIQI<br><br>     DEFENDANT | ADVERSARY NO. 20-04037 |

### ORDER TO COMPEL COMPLIANCE WITH SUBPOENA

ON February 2, 2021, came on to be heard the Motion to Compel Compliance with Subpoena and Recovery of Fees and Costs and, based on the evidence presented, the arguments of counsel and the record before the court, it is hereby

ORDERED that the Debtor shall produce all documents as defined in and responsive to the Subpoena (the "Documents") within Debtor's possession, custody or control within fourteen (14) days of the entry of this order[1]; it is further

ORDERED that to the extent Debtor fails to produce the Documents, Debtor shall sign a sworn affidavit specifically detailing why the Documents were not produced, and to the extent applicable, why they are not available for production; it is further

ORDERED that Documents produced in compliance with the Subpoena shall be made available to Mr. Herman Lusky, Defendant's counsel; it is further

---

[1] This requires Debtor to affirmatively contact and recover the Documents from his creditors, banks and financial institutions, and credit card companies to the extent Debtor did not retain physical possession of such Documents.


Deposition Exhibit
3
Nita Cullen

ORDERED that to the extent Debtor fails to produce Documents, including credit card statements, invoices, bills, contracts or other documents identifying the claims of or against Debtor or Hiba Entertainment, Inc., Debtor shall identify the full name and address of such claimants associated with such claims, the account numbers and contact information of such claimants, including all claimants identified on Schedule D, E, and F on his Schedule of Assets and Liabilities filed on November 8, 2019 (the "Schedules"); it is further

ORDERED that as to any bank or financial account statements which Debtor fails to produce in compliance with the Subpoena, Debtor shall identify the full name on the account, the name of the bank or financial institution, the account numbers and the address of the financial institution related to such accounts; it is further

ORDERED that as to Documents which Debtor fails to produce involving the claims of individuals, including those individuals listed on Schedule D, E and F of his Schedules, Debtor shall provide the Trustee with the most recent contact information for such creditors including their addresses, phone numbers, email addresses and communications.

IT IS SO ORDERED.

Signed on 2/5/2021

*Brenda T. Rhoades*   SR

HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE