ERIC LIEPINS
ERIC LIEPINS, P.C.
12770 Coit Road
Suite 850
Dallas, Texas 75251
972-991-5591
972-991-5788 - telecopier

ATTORNEY FOR MUHAMMAD NASIR SIDDIQI

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE | § § | |
| MUHAMMAD NASIR SIDDIQI | § § § | CASE 19-42834 |
| DEBTOR | § | |

| | | |
|---|---|---|
| MARK WEISBART, CHAPTER 7 TRUSTEE | § § | |
| PLAINTIFF | § § | |
| V. | § § | ADV. 21-04077 |
| MUHAMMAD NASIR SIDDIQI | § § | |
| DEFENDANT | § | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND BRIEF IN SUPPORT THEREOF

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE JOSHUA SEARCY:

COMES NOW, Muhammad Siddiqi, Defendant in the above styled and numbered cause and files this his Defendant's Response to Motion for Summary Judgment and Brief in Support Thereof and in support thereof would respectfully show unto the Court as follows:

## OPPOSITION TO SUMMARY JUDGMENT EVIDENCE

Defendant's summary judgment response includes the Affidavit of Muhammad Nasir Siddiqi which is attached hereto and incorporated herein by reference.

## LEGAL STANDARD

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party in entitled to a judgment as a matter of law. Fed R. Civ. P. 56(c). The burden of establishing the nonexistence of a genuine issue of material fact rests on the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L.Ed 2d 265 (1986). In considering a motion for summary judgment, the court shall draw all inferences from the underlying facts in a light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) and Matsushita Elec. Indus. Co. V. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Here the Affidavit and the relevant evidence demonstrate substantial issues of genuine facts concerning whether the Defendant (1) failed to keep or maintain documents, (2) intentionally committed a false oath, (3) intentionally withheld documents or (4) intentionally disobeyed a Court Order.

## FACTUAL DISPUTES

Defendant would show that he disputes a number of the items in the Statement of Undisputed Material Facts set forth in the Motion.

A. Paragraph 18 of the Motion, asserts that the Debtor owns a piece of real property located at 802 S. Aspen Avenue in Knox City, Texas. This is false. That property is

owned by Debtor's brother Muhammad Adnan Siddiqi.

B. Paragraph 19 of the Motion, asserts that the Debtor did not report as income payments received from the HUD for Section 8 housing. The HUD payments were for tenants at a property located at 8114 Carson, Rowlett, Texas. All the payments referenced by the Trustee where paid to Debtor's brother Muhammad Adnan Siddiqi who is the owner of the Rowlett Property.

C. Paragraph 20 of the Motion asserts that the Debtor failed to list certain interest in companies that he owned. First, the Trustee asserts that the Debtor did not list an interest in AZ & Hiba Entertainment, Inc. The Debtor did not have and has never had an interest in AZ & Hiba Entertainment, Inc. The Exhibits cited by the Trustee do not reflect any ownership of the Debtor. The Debtor's professional licenses and are not transferrable and without value. They are nothing more than a diploma or a driver's license, and are not required to be disclosed as property of the estate.

D. Paragraph 21 of the Motion asserts that the Debtor did not list certain income for tax years 2017, 2018 and 2019. All Debtor's income was accounted for on his filed tax returns which were provided to the Trustee. More specifically the HUD payments from Dallas County (paragraph 21 (d),(f), (h), (j), (k), (q), (v) and (z)) were payments to Debtor's brother Muhammad Adnan Siddiqi and are not income to the Debtor. The Loan payment from WS Capital USA, LLC (paragraph 21(a)) was not a payment to the Debtor but to his brother Mohammad Adil Siddiqi. The affidavit of Muhammad Nasir Siddiqi attached hereto and incorporated herein, specifically states that both of his bothers and his ex-wife had access to and use of the Chase Bank account and therefore the cash deposits over period of three years (paragraph

      21(e),(g),(i),(l), (n), (p), (r), (s), (t),(u), (w),(x), (y) and (aa)), could have come from any of them. Paragraph 21(m) was not income. Debtor's affidavit and the Exhibit of the Trustee shows this money was a redeposit of a cashier's check that was purchased by the Debtor. Debtor had no connection with AZ & Hiba Entertainments and any funds deposited through that entity were gifts not income to the Debtor

E.    Paragraph 22 is incorrect as to the transfer cited of the property at 14411 Tanglewood, Farmer Branch, Texas. This property had been awarded to Debtor's ex-wife in the divorce proceedings in 2010. Under the divorce decree, the Debtor was required to transfer his interest to his ex-wife. The signing over of his interest was a ministerial act, and not a transfer of his property, as the Debtor had no interest in the property after 2010.

F.    Debtor disputes that he was required to list in the paperwork the transfers to his ex-wife of $1,000 on June 7, 2019 and $25,000 on February 8, 2018.

G.    Debtor disputes that he did not comply with requests from the Trustee and Orders from Court as asserted in paragraphs 25 through 32 of the Motion.

## LEGAL ARGUMENTS

The Plaintiff first asserts that it is entitled to summary judgment under section 727(a)(3) for failure to keep and preserve information. In order to prevail the Plaintiff must prove that (1) the Debtor failed to keep or preserve financial records, and (2) the failure makes it impossible for the creditor to discern the Debtor's financial condition. <u>Buescher v. First United Bank & Tr, (In re Buescher),</u> 783 F. 3d 302, 307 (5th Cir. 2015). The Plaintiff bears the burden of proof on both these elements, and then the burden shifts to the Debtor to show that any failure was justified under the circumstances.

Here the Motion itself presents the Court with nearly 1,000 pages to records and documents concerning the Debtor's financial condition. Courts have concluded that the Debtor's financial records need not contain full details of all transactions, but the Debtor must be able to present an accurate representation of its financial condition. See Lakeland W. Capital XXIII, LLC v Black (In re Black) No 17-32430-hdh-7, 2018 Bankr LEXIS 4016, 2018 WL 6719713 at *9(Bankr N.D. Tex Dec. 18, 2018).  The accuracy of the Debtor's records is determined on a case by case basis, using such considerations as the Debtor's occupation, financial structure, education, experience, sophistication, and any other circumstances that should be considered in the interest of justice. Caddle v. Duncan (In re Duncan), 562 F. 3d 688, 697 (5th Cir. 2009). Ultimately, the Court has "wide discretion" to analysis the shifting burdens of proof between the creditor and the Debtor and to determine the adequacy of the information disclosed.  Duncan, 562 F. 3d at 697.

In this case, the Debtor is an individual without and business education or sophistication who has provided or assisted in providing substantial documentation to the Trustee. Based upon the information provided a material issues of genuine fact exists as to the documents provided which prevent summary judgment on this claim .

Even more important to the issue of summary judgment on the Section 727(a)(3) claim asserted by the Trustee, is the complete lack of any evidence from the Trustee that the information provided or obtained was insufficient to allow the Trustee to determine the Debtor's financial condition. The Motion does not contain an affidavit from the Trustee that he was unable to ascertain the Debtor's financial condition. It does not contain an affidavit for an accountant or other financial professional as to whether the 1,000 pages of documents allows for  the determination of the financial condition of the Debtor. Without any proof that these records are insufficient, a material question of genuine fact remains as to their sufficiency,  which prevents summary judgment.

The Plaintiff asserts it is entitled to summary judgment based upon a false oath pursuant to section 727 (a)(4)(A). To prevail on the objection under section 727(a)(4)(A) the Trustee must prove (1) the Debtor made a statement under oath, (2) the statement was false, (3) the Debtor knew the statement was false, (4) the Debtor made the statement with fraudulent intent, and (5) the statement related to materially to the bankruptcy case. Caddle Co. v. Pratt (In re Pratt), 411 F. 3d 561, 566 (5th Cir. 2005). As set forth above and in the affidavit of Muhammad Nasir Siddiqi, the only omission for required disclosure on the Debtor's schedules was the transfer of the property at 1109 Lakestream, Plano Texas to his ex-wife. The Affidavit of Muhammad clearly shows that this was an honest mistake, which he informed the Trustee of at the 341 meeting. Furthermore, the Debtor's Affidavit shows that he believed since he had not received any funds and because his ex-wife had made all the payments on the property since the divorce in 2010 that property was rightfully hers. There is no evidence presented that he intentionally omitted this transaction. An honest mistake by the Debtor in his bankruptcy schedules is not by itself sufficient to deny the Debtor's discharge. Beaubouef v Beaubouef (In re Beaubouef), 966 F. 2d 174, 178 (5th Cir 1992). Fraudulent intent is typically not appropriate for summary judgment. See de Bank v. United States, 2012 U.S.D. LEXIS (193392 (W.D. Tex 2012).

The Plaintiff asserts that it is entitled to summary judgment on a claim under section 727(a)(4)(D). The party objecting to discharge under this section has the initial burden of proving that (1) the withholding of documents was done by the Debtor or someone for whose conduct the Debtor is legally responsible, (2) was in connection with the case, (3) was withheld from an officer of the estate entitled to possession, (4) was done intentionally and (5) related to the Debtor's property or financial affairs. Willmon v. Virgil (In re Virgil), 2017 Bankr LEXIS 3623*(Bankr. E.D. Tex 2017). Here the Plaintiff has failed to present any evidence of what documents were requested and

not delivered, which prevented the Trustee from determining the financial condition of the Debtor. The evidence presented shows that the Debtor delivered to the Trustee on numerous occasions documents or complied with a Court Order to present an affidavit as to his inability to produce specific documents. This cause of action again requires the Debtor's action in not turning over a required document to be intentional. Here the Court conducted a hearing on the Trustee's claims that certain documents where not delivered and Ordered the Debtor to file an affidavit concerning certain inability to produce documents, which the Debtor timely filed and which has never been challenged by the Trustee. In light of the Court's prior ruling a determination that the Debtor has intentionally failed to deliver a specific, and as yet unidentified document, requires a determination of a genuine issue of material fact, preventing summary judgment on this claim.

    Lastly, the Plaintiff asserts that the discharge of the Debtor should be denied under section 727(a)(6)(A) for failure to comply with a Court Order. The Plaintiff claims that the Debtor failed to comply with Court Orders concerning his exemptions. The denial of a discharge under section 727(a)(6)(A) must be based upon a willful and intentional refusal to obey a lawful Order of the Court <u>Wilmington Trust Co. v. Jarrell (In re Jarrell)</u>, 129 B.R. 29, 33 (Bankr. D Del. 1991). In determining whether the Debtor's disobedience justifies the harsh consequences of a denial of the Debtor's discharge . A court may consider factors such as the intent behind the Debtor's acts whether the acts were willful, whether there was a justification excuse, whether there was injury to creditors and whether these is some way the Debtor could make amends<u>. Skilled Nursing Home Care, Inc. v. Juris (In re Juris)</u>, 1997 Bankr LEXIS 1722 (Bankr E.D. Pa 1997).

    Here the Debtor did believe he had certain rights concerning the exemptions. The Court held a hearing on the Debtor's concerns an entered an Order requarding the Debtor's claims on October 22, 2021.Upon entry of this Order, the Debtor immediately complied and the Plaintiff has not

asserted that Debtor continues to in any way be in willful violation of the Court's Order concerning his exemptions.

For the reason set forth above, genuine issues of material fact exist which prohibit the entry of a summary judgment , and the Defendant prays this Honorable Court deny the Motion and allow the case to proceed to a trial on the merits.

Respectfully submitted,

ERIC A. LIEPINS, P.C.
12770 Coit Road, Suite 850
Dallas, Texas 75251
(972) 991-5591
(972) 991-5788 - fax


BY: /s/ Eric Liepins
　　　ERIC A. LIEPINS, SBN 12338110


CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was send to Mark Weisbart, 10501 N Central Expressway, Suite 1067, Dallas, Texas 75231 on this the 11th day of February 2022.

__/s/ Eric Liepins_____
Eric A. Liepins