ERIC LIEPINS
ERIC LIEPINS, P.C.
12770 Coit Road
Suite 850
Dallas, Texas 75251
972-991-5591
972-991-5788 - telecopier
ATTORNEY FOR MUHAMMAD NASIR SIDDIQI

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE | § § | |
| MUHAMMAD NASIR SIDDIQI | § § | CASE 19-42834 |
| DEBTOR | § | |
| MARK WEISBART, CHAPTER 7 TRUSTEE | § § | |
| PLAINTIFF | § § | |
| V. | § § | ADV. 21-04077 |
| MUHAMMAD NASIR SIDDIQI | § § | |
| DEFENDANT | § | |

AFFIDAVIT OF MUHAMMAD NASIR SIDDIQI

| | |
|---|---|
| STATE OF TEXAS | § § |
| COUNTY OF DALLAS | § |

BEFORE ME the undersigned authority on this day personally appeared Muhammad Nasir Siddiqi, and upon being duly sworn on her oath did depose and state as follows:

1.    My name is Muhammad Nasir Siddiqi. I am over the age of 21 years and am fully

competent to make this affidavit. I have personal knowledge of the facts set forth herein and they are true and correct.

2. I was born in Pakistan and went to school there. My highest level of education would be equivalent to high school in the United States. I have never taken any sort of business classes and do not have any computer or accounting skills.

3. It is customary in my home country to have very strong family relationships.

3. I have two brothers. My brothers are names Muhammad Adnan Siddiqi and Mohammad Adil Siddiqi.

4. My brothers and I have always helped each other financially.

5. At the time I filed for Bankruptcy on October 16, 2019, I maintained a bank account at Chase Bank ending in 1773.

6. Both my brothers Muhammad Adnan Siddiqi and Mohammad Adil Siddiqi along with my ex-wife Jamela Siddiqi, had complete access to this account and used this account.

7. I have read the Statement of Undisputed Material Facts contained in the Plaintiff's Motion for Summary Judgment ("Motion").

8. I dispute most of the claims. Specifically, I would show to the Court the following:

    A. Paragraph 18 of the Motion, asserts that I own a piece of real property located at 802 S. Aspen Avenue in Knox City, Texas. This is false. That property is owned by my brother Muhammad Adnan Siddiqi. At one time I lived at that property and therefore I paid utility bills and some taxes as shown by the Trustee, but I did not and do not own that property.

B. Paragraph 19 of the Motion, asserts that I did not report as income payments received from the HUD for Section 8 housing. The HUD payments were for tenants at a property located ay 8114 Carson, Rowlett, Texas. All the payments referenced by the Trustee where paid to my brother Muhammad A Siddiqi who is the owner of the Rowlett Property. Some of the HUD payments he received were deposited into the Chase Bank account by my brother and used either by me, as I did not have a job after 2018, or by my brothers was they might have needed funds. Any funds deposited by my brother from HUD payments were not income to me.

C. Paragraph 20 of the Motion asserts that I failed to list certain interest in companies that I owned. First, the Trustee asserts that I did not list an interest in AZ & Hiba Entertainment, Inc. I did not have and have never had an interest in AZ & Hiba Entertainment, Inc. Even the Exhibits cited by the Trustee do not have my name on them. The Trustee is correct that I did not list DFW Investigative & Protection, Inc., however, this company has never operated and I did not intend to omit it, but since there have never been any operations I simply forgot to list it. Lastly, the Trustee claims I should have listed my professional licenses, however, all these licenses are basically the same as a driver's license or diploma and are not transferrable.

D. Paragraph 21 of the Motion asserts that I did not list certain income for tax years 2017, 2018 and 2019. I disagree with these statements. As set forth

above all HUD payments from Dallas County (paragraph 21 (d),(f), (h), (j), (k), (q), (v) and (z)) were payments to my brother Muhammad Adnan Siddiqi and not income to me. The Loan payment from WS Capital USA, LLC (paragraph 21(a)) was not a payment to me but to my brother Mohammad Adil Siddiqi. I cannot specifically tell who (my brothers or myself) made the cash deposits over period of three years (paragraph 21(e),(g),(i),(l), (n), (p), (r), (s), (t),(u), (w),(x), (y) and (aa)), however, if I made any cash deposits any income I had received was accounted for in my filed tax returns. Paragraph 21(m) was not income. I was going to lend a friend Guy Cannon $3,500. I got a cashier's Check payable to Mr. Cannon. He changed his mind about needed the money so I redeposited the cashier's check into my account. Paragraph 21(o) and (bb) are funds deposited into my account from AZ &Hiba Entertainment in January and August 2019. These funds were gifts to me as I was trying to pay my bills and not file a bankruptcy.

E.  Paragraph 22 is incorrect as to the transfer cited of the property at 14411 Tanglewood, Farmer Branch, Texas. This property had been awarded to my ex-wife in the divorce proceedings in 2010. Under the divorce decree I was to transfer my interest to my ex-wife. This was something that simply did not get done, until my ex-wife sought to refinance the property many months prior to the bankruptcy. I signed over my interest but this was a ministerial act as I had no interest in the property after 2010. As to the property located at 1109 Lakestream, Plano, Texas I was awarded this

property in the divorce, but it was my ex-wife who made all the payments on the property post divorce because I could not afford the property. Because she made the payments I transferred it to her. I forgot about the transfer because I received no funds but I did tell the Trustee about the transfer at the 341 meeting. It is my understanding the Trustee has sued my ex-wife over this transfer.

    E.    I dispute that I was required to list in the paperwork the transfer to my ex-wife of $1,000 on Jaune 7, 2019. I did not owe my ex-wife a debt at the time. Additionally, I dispute that I was required to list the transfer of $25,000 on February 8, 2018 as such transfer happened more than one year before my filing.

    F.    With respect to the claims asserted as to paragraphs 25 to 32, I complied with the requests and the Orders of the Court. The records that I maintained I turned over, and as evidenced by the more that 1,000 pages attached to the Trustee's Motion there were sufficient documents for the Trustee to determine what he believes my financial condition to be.

9. At no time did I intentionally fail to disclose information.

10. I did not knowingly, intentionally, or unjustifiable fail to keep or maintain or preserve information including books, documents, records, and papers from which my financial condition or business transactions might be ascertained.

11. I did not knowingly and fraudulently in connection with this case make any false oath or account.

12. I did not withhold from the Trustee any information, including books, documents, records or papers relating to my property or financial affairs.

13. I have turned over all records in my possession custody or control and have assisted the Trustee in obtaining any such records I did not have personal possession of.

14. I did not knowingly refuse to comply with any Order of the Court and have complied with all Orders to turnover property.

15. Throughout this proceeding I have provided information and cooperated with the Trustee.

FURTHER AFFIANT SAYETH NOT.

_____
Muhammad Nasir Siddiqi

Sworn and Subscribed to before me the undersigned authority on this the 10th day of February 2022.



_____
Notary Public