IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



04/04/2023

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **MUHAMMAD NASIR SIDDIQI** | § | Case No. 19-42834 |
| | § | |
| | § | |
| | § | |
| | § | |
| Debtor | § | Chapter 7 |

| | | |
|---|---|---|
| MARK A. WEISBART, | § | |
| Chapter 7 Trustee | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adversary No. 21-04077 |
| | § | |
| MUHAMMAD NASIR SIDDIQI | § | |
| | § | |
| | § | |
| Defendant | § | |

## <u>MEMORANDUM OF DECISION</u>

ON THIS DATE the Court considered the "Motion for Summary Judgment" (the

"Motion"), filed by the Plaintiff, Chapter 7 Trustee Mark A. Weisbart (the "Plaintiff" or

"Trustee"), and the respective objections, replies, and other related documents filed in the

above-referenced adversary proceeding.  Plaintiff seeks an order granting summary

judgment on his objection to the discharge of Defendant, Muhammad Nasir Siddiqi (the

"Defendant" or "Debtor"), pursuant to 11 U.S.C. §§§§ 727(a)(3), (a)(4)(A), (a)(4)(D),

and (a)(6)(A).  Upon due consideration of the pleadings, the proper summary judgment

evidence submitted by the parties, and the relevant legal authorities, the Court concludes

that genuine issues of material fact remain.  For the following reasons stated in this

memorandum of decision, the Plaintiff's Motion should be DENIED.

## I.  Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and

157(a).  This Court has authority to enter final orders in this adversary proceeding

because it statutorily constitutes a core proceeding as contemplated by 28 U.S.C. §

157(b)(2)(A) and (J), and meets all constitutional standards for the proper exercise of full

judicial power by this Court.

## II.  Factual and Procedural Background

On October 16, 2019, Debtor filed a voluntary petition for Chapter 7 relief under

Title 11 of the United States Code (the "Bankruptcy Code") in the bankruptcy case (the

"Main Case") underlying this adversary proceeding.[1]

As required, Debtor filed schedules and statements on November 8, 2019, which

were sworn as true and correct by Debtor.[2]  Debtor's Schedule A/B lists his only real

property interest as his home located at 6701 Haven Hurst, Allen, TX 75002.[3]  Debtor

listed the following vehicles on Schedule A/B: (1) Ford Tahoe[4] 2016, valued at

---

[1] The Hon. Brenda T. Rhoades presides over the underlying bankruptcy case.  The Hon. Joshua P. Searcy presides over this adversary proceeding.

[2] *See In re Siddiqi*, Case. No. 19-42834, ECF Nos. 14 and 110.

[3] *Id*.

[4] The Court here notes that Ford Motor Company does not make a "Tahoe."  These vehicles are instead manufactured by the Chevrolet division of General Motors.

-2-

$20,000.00; (2) Ford Tahoe 2016, valued at $20,000.00; (3) Ford Super Duty 2015, valued at $30,000.00; and (4) Lincoln Navigator 2019, valued at $90,000.00.[5]

On March 5, 2020, Plaintiff objected to Debtor's exemption claim over both Ford Tahoes.  On September 28, 2020, the Court entered an "Agreed Order Regarding Trustee's Objection to Exemption" (the "Agreed Order"), ordering Debtor to turn over his non-exempt vehicle(s) with title(s), within ten (10) days following entry of the order.[6] Defendant did not timely comply with the Agreed Order's requirements.  On September 3, 2021, Trustee filed a "Motion to Show Cause Why the Debtor Should Not Be Held in Contempt or Sanctioned" (the "Show Cause Motion") for not timely surrendering one (1) of the Ford Tahoes.[7]  The Court found Debtor in contempt on October 19, 2021, and ordered him to surrender the vehicle at issue within seven (7) calendar days.[8]  On March 15, 2022, the Trustee filed a "Report of Sale," detailing the online sale of the 2016 Chevrolet Tahoe which Debtor surrendered.[9]

Trustee alleges that Debtor failed to list an ownership interest in real property located at 805 South Aspen Avenue, Knox City, Knox County, Texas 79529.[10]  Trustee

---

[5] *In re Siddiqi*, Case No. 19-42834, ECF Nos. 14 and 110.

[6] *In re Siddiqi*, Case No. 19-42834, ECF No. 64.

[7] *In re Siddiqi*, Case No. 19-42834, ECF No. 105.

[8] *In re Siddiqi*, Case No. 19-42834, ECF No. 108.

[9] *In re Siddiqi*, Case No. 19-42834, ECF No. 143.

[10] Mot. Summ. Jmt., 6, ¶ 18, ECF No. 16.

also alleges that Debtor received Department of Housing and Urban Development ("HUD") Section 8 housing payments for an undisclosed piece of real property.[11]  Trustee further alleges that Debtor failed to list ownership interests in AZ & Hiba Entertainment, Inc., DFW Investigative & Protection Services, Inc. d/b/a DFW Investigative & Protection, and licenses necessary for the operation of Eagle Protective Group, his former wife's security business.[12]  Furthermore, Trustee alleges that Debtor failed to list various income and payments.[13]  Debtor contests these allegations.

Trustee alleges that Defendant failed to disclose the transfer of his interest in two (2) pieces of real property to his ex-wife Jamela Siddiqi, in exchange for consideration of ten dollars ($10.00) and other good and valuable consideration.[14]  On February 28, 2020, the Trustee filed an adversary proceeding against Mrs. Siddiqi, alleging that she was the transferee in the fraudulent transfer of real property by the Debtor.[15]  Trustee alleged that Debtor transferred the property to Mrs. Siddiqi without "consideration or value in exchange," and sought a judgment against her pursuant to 11 U.S.C. §§§ 548(a)(1)(A), (B), and 550(a).[16]  During the course of this adversary proceeding, the Trustee's counsel

---

[11] Mot. Summ. Jmt., 6, ¶ 19, ECF No. 16.

[12] Mot. Summ. Jmt., 7, ¶ 20, ECF No. 16.

[13] Mot. Summ. Jmt., 7-8, ¶¶ 21-23, ECF No. 16.

[14] Mot. Summ. Jmt., Ex. AA, ECF No. 16-27; Ex. BB, ECF No. 16-28.

[15] *See Weisbart v. Jamela Siddiqi*, Adv. No. 20-4037.

[16] Compl., Adv. No. 20-4037, 4, ¶ 19, ECF No. 1.

-4-

deposed Debtor and sought production of documents by subpoena.[17]  Trustee alleges

Defendant failed to comply with the subpoena, an allegation which Defendant contests.

Trustee, however, filed a "Motion to Compel Compliance with Subpoena and Recovery

of Fees and Costs."[18]  Defendant responded, and admitted that he did not maintain

personal or bank records for some of the time periods sought by Trustee.[19]  The Court, on

February 5, 2021, granted the motion to compel and ordered Defendant to produce the

documents or provide Trustee with an affidavit explaining either why they were not

produced or not available for production.[20]  Defendant submitted an affidavit, and

produced no documents.[21]  Later, on March 17, 2022, the Court entered an "Agreed Order

Dismissing Adversary Proceeding with Prejudice," based on a settlement agreement

between the Trustee and Mrs. Siddiqi.[22]

On May 3, 2021, Plaintiff filed his "Complaint Objecting to Discharge" (the

"Original Complaint"), to which Defendant responded, filing his "Answer to Complaint"

on June 1, 2021.  Plaintiff filed a "Motion for Leave to File First Amended Complaint"

on September 1, 2021, which the Court granted on September 29, 2021.  Plaintiff filed the

---

[17] Mot. Summ. Jmt., Ex. K, ECF No. 16-12.

[18] Mot. Summ. Jmt., Ex. M, ECF No. 16-14.

[19] Mot. Summ. Jmt., Ex. N, ECF No. 16-15.

[20] Mot. Summ. Jmt., Ex. O, ECF No. 16-16.

[21] Mot. Summ. Jmt., Ex. P, ECF No. 16-17.

[22] *Weisbart v. Jamela Siddiqi*, Adv. No. 20-4037, ECF No. 96.

"First Amended Complaint Objecting to Discharge" (the "Amended Complaint") on

September 29, 2021.  Defendant filed an "Answer to Amended Complaint" on October

12, 2021.  Plaintiff timely filed this Motion on January 14, 2021.  Defendant objected,

filing "Defendant's Response to Plaintiff's Motion for Summary Judgment and Brief in

Support Thereof" on February 11, 2022.  The Trustee filed "Plaintiff's Reply to

Defendant's Response to Plaintiff's Motion for Summary Judgment" on February 25,

2022.

### III.  Summary Judgment Standard

A court may grant summary judgment "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)

(quoting Fed. R. Civ. P. 56(c)).  Fed. R. Bankr. P. 7056 incorporates Fed. R. Civ. P. 56 so

as to apply to adversary proceedings.  Thus, if summary judgment is appropriate, the

Court may resolve the case as a matter of law.

The moving party always bears the initial responsibility of informing the court of

the basis for its motion and producing evidence which it believes demonstrates the

absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  The manner in

which the necessary summary judgment showing can be made depends upon which party

will bear the burden of proof at trial.  *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1077

n.16 (5th Cir. 1994). If the nonmovant "bears the burden of proof at trial, the movant

may merely point to an absence of evidence, thus shifting to the nonmovant the burden of

demonstrating by competent summary judgment proof that there is an issue of material

fact warranting trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994)

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A fact is material

only if its resolution would affect the outcome of the action..." *Wiley v. State Farm Fire

and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). Thus, the nonmovant must evince more

than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v.

Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the nonmoving party were to present

these factual disputes at trial, they must be such that a rational fact finder might find in

favor of the nonmoving party. *Id*. at 587. "All reasonable inferences must be viewed in

the light most favorable" to the nonmoving party, and "any doubt must be resolved in

favor of the nonmoving party." *In re Louisiana Crawfish Producers*, 852 F.3d 456, 462

(5th Cir. 2017) (citing *Matsushita*, 475 U.S. at 586).

## IV. Analysis

Under 11 U.S.C. § 727(a), a debtor is granted a discharge unless a plaintiff proves

one of the statutory grounds for denial of that discharge. Denial of a debtor's discharge is

considered an extreme remedy. *Pher Partners v. Womble* (*In re Womble*), 289 B.R. 836,

845 (Bankr. N.D. Tex. 2003) (citing *Rosen v. Bezner*, 996 F.2d 1527, 1531 (3d Cir.

1993)). "Courts should deny discharge only for very specific and serious infractions."

*Martin Marietta Matl's Southwest, Inc. v. Lee* (*In re Lee*), 309 B.R. 468, 476 (Bankr.

W.D. Tex. 2004) (citing *Ichinose v. Homer Nat'l Bank* (*In re Ichinose*)*, 946 F.2d 1169,

1172 (5th Cir. 1991)).  A debtor's discharge should only be denied when they have not

been honest and forthcoming about their affairs, therefore not fulfilling the duty of full

disclosure required of a bankruptcy debtor.  *Buckeye Retirement Properties v. Tauber* (*In

re Tauber*), 349 B.R. 540, 545 (Bankr. N.D. Ind. 2006) ("The denial of a debtor's

discharge is akin to financial capital punishment.  It is reserved for the most egregious

misconduct by a debtor.").  Thus, speculation about the existence of such misconduct is

insufficient.  Probative evidence must be presented.

     The plaintiff must prove that the debtor is not entitled to a discharge under § 727.

The standard of proof for a plaintiff's claim is a preponderance of the evidence.  *See

Cadle Co. v. Duncan* (*In re Duncan*)*, 562 F.3d 688, 695 (5th Cir. 2009); *see also

Beaubouef v. Beaubouef* (*In re Beaubouef*)*, 966 F.2d 174, 178 (5th Cir. 1992).

"Intertwined with this [court's review] is the basic principle of bankruptcy that exceptions

to discharge must be strictly construed against a creditor and liberally construed in favor

of a debtor so that the debtor may be afforded a fresh start."  *Judgment Factors, L.L.C. v.

Packer (In re Packer)*, 816 F.3d 87, 91 (5th Cir. 2016) (quoting *Hudson v. Raggio &

Raggio, Inc. (In re Hudson)*, 107 F.3d 355, 346 (5th Cir. 1997)).

     A.  11 U.S.C. § 727(a)(3)

     Plaintiff first alleges Debtor violated 11 U.S.C. § 727(a)(3) "by failing to maintain

or destroying records from which to determine his financial condition."[23]  This allegation

relates to a *subpoena duces tecum* Trustee sent seeking production of various documents

by Defendant.  Debtor does not appear to have produced these documents, but instead

provided Trustee with an affidavit stating that he did not "knowingly" or

"intentionally...fail to keep or maintain or preserve information..."[24]  Trustee argues that

Debtor failed to maintain or preserve a multitude of documents, including: (1) financial

records for himself and his wholly owned company; (2) documents for the year 2018

related to his debts/liabilities, third party claims against him, personal bank records and

credit card statements, and his phone records; (3) original or copies of tax records, tax

returns, conveyance documents, automobile titles, corporate ownership records which

would identify his ownership, values, and entitlement to exemptions of his scheduled

assets and aid in identifying his hidden assets and pre-petition transfer of assets; (4)

records identifying pre-petition financial transactions which would clarify potential

fraudulent transfers; and (5) records with respect to his entity Hiba Entertainment, Inc.[25]

Debtor responds that genuine issues of material fact exist as to whether he provided

documents to the Trustee, and whether the information provided was insufficient to

enable Trustee to ascertain Debtor's financial condition.[26]  Debtor also argues that there is

---

[23] Am. Compl., 7, ¶ 24, ECF No. 13.

[24] Affidavit, 5, ¶ 10, ECF No. 18-2.

[25] Mot. Summ. Jmt., 16, ¶¶ 46-47, ECF No. 16.

[26] Obj. Mot. Summ. Jmt., 5, ECF No. 18.

a "complete lack of any evidence from the Trustee that the information provided or obtained was insufficient to allow the Trustee to determine the Debtor's financial condition."[27]

In a Chapter 7 case, the Court grants Debtor a discharge unless "debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information...from which the debtor's financial condition or business transactions might be ascertained..." 11 U.S.C. § 727(a)(3). The Trustee "bears the initial burden of production to present evidence that the debtor failed to keep adequate records and that the failure prevented the creditor from evaluating the debtor's financial condition.[28] *Cadle Co. v. Duncan (In re Duncan)*, 562 F.3d 688, 693 (5th Cir. 2009) (citing *Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 703 (5th Cir. 2003)). Courts and creditors "should not be required to speculate as to the financial history or condition of the debtor, nor should they be compelled to reconstruct [a] debtor's affairs." *Duncan*, 562 F.3d at 693 (quoting *Pher Partners v. Womble (In re Womble)* 289 B.R. 836, 856 (Bankr. N.D. Tex. 2003)). Whether a debtor's records are sufficient is "determined on a case by case basis." *Duncan*, 562 F.3d at 693. A court may consider the "debtor's occupation, financial structure, education, experience, sophistication and any other circumstances that should

---

[27] *Id.*

[28] "A debtor's financial records need not contain 'full detail,' but 'there should be written evidence' of the debtor's financial condition." *Dennis*, 330 F.3d at 703 (quoting *Goff v. Russell Co. (In re Goff)*, 495 F.2d 199, 201 (5th Cir. 1974)).

be considered in the interest of justice." *Womble*, 289 B.R. at 856.  Intent is not an element.  If a plaintiff is able to satisfy their burden of production, then the debtor "must prove the inadequacy is "justified under all the circumstances."" *Duncan*, 562 F.3d at 693 (quoting *Dennis*, 330 F.3d at 703)).

While reasonable that Defendant made a good faith effort to obtain the documents requested by Trustee, it is also reasonable Debtor did not retain the documents.  After reviewing the summary judgment evidence, the Court finds there are issues of material fact as to whether Debtor failed to keep adequate records, and whether that failure affected the Trustee's ability to determine Debtor's financial condition.

B.  11 U.S.C. § 727(a)(4)(A)

Plaintiff next alleges Debtor's discharge should be denied under 11 U.S.C. § 727(a)(4)(A) for "giving a false oath."[29]  Because of "material omissions related to the Debtor's financial transactions and assets" in the schedules and Statement of Financial Affairs, and because "Defendant falsely wore to the accuracy" of those documents by signing and submitting them to the Court, Trustee states that Debtor's discharge should be denied.[30]  Specifically, Debtor is alleged to have failed to list property he owned on his original schedules, including ownership interests in various entities, and to have failed to list income and sales or transfers of assets on the Statement of Financial Affairs.  Debtor

---

[29] Am. Compl., 6, ¶ 194, ECF No. 13.

[30] Mot. Summ. Jmt., 12, ¶ 33(b), ECF No. 16.

responds that his schedules and statements were truthful, and that he did not list certain

assets or property because they belonged to his brother.[31]

For the Court to deny a discharge under 11 U.S.C. § 727(a)(4)(A) at the summary

judgment stage, there must be no issue of material fact concerning whether Debtor

"knowingly and fraudulently, in or in connection with case...made a false oath or

account."  To sustain this burden, Trustee's summary judgment evidence must prove by a

preponderance of evidence that: "(1) the debtor made...a statement under oath; (2) the

statement was false; (3) the debtor knew the statement was false; (4) the debtor made the

statement with fraudulent intent; and (5) the statement was material to the bankruptcy

case."  *Sholdra v. Chilmark Fin. LLP (In re Sholdra)*, 249 F.3d 380, 382 (5th Cir. 2001)

(citing *Beaubouef v. Beaubouef (In re Beaubouef)*, 966 F.2d 174, 178 (5th Cir. 1992)).

Not every misstatement or omission by a debtor constitutes a false oath.  *Austin Bank v.*

*Jacobs (In re Jacobs)*, No. 10-6005, 2011 WL 1299690, at *4 (Bankr. E.D. Tex. Apr. 1,

2011).  ("[E]ven multiple errors do not mandate the finding of a false oath without

sufficient evidence of a fraudulent intent.").  *See, e.g., Cadle Co. v. Pratt (In re Pratt)*,

411 F.3d 561 (5th Cir. 2005).  This "intent to defraud must be actual, not constructive,"

but may, however, "be inferred from the actions of the debtor and may be proven by

circumstantial evidence."  *Pratt*, 411 F.3d at 565.  The Fifth Circuit has listed the

---

[31] Plaintiff and his brother apparently share the same first name, and Plaintiff's name has been spelled in multiple different ways through the course of this adversary proceeding, in the underlying bankruptcy case, and on documents submitted by both parties into evidence.

following factors to consider when determining fraudulent intent: "(1) [T]he lack or inadequacy of consideration; (2) the family, friendship or close associate relationship between the parties; (3) the retention of possession, benefit or use of the property in question; (4) the financial condition of the party sought to be charged both before and after the transaction in question; (5) the existence or cumulative effect of the pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and (6) the general chronology of the events and transactions under inquiry." *Pavy v. Chastant (In re Chastant)*, 873 F.2d 89, 90 (5th Cir. 1989) (quoting *Fox v. Schmit (In re Schmit)*, 71 B.R. 587, 590 (Bankr. D. Minn. 1987)). Finally, there is a presumption of fraudulent intent if a debtor transfers property to relatives. *Id.*

Despite the significant amount of evidence submitted by Trustee, there is a genuine issue of a material fact over what property Debtor actually owned at the time he filed his Chapter 7 petition. Furthermore, there is insufficient evidence to support a summary judgment finding that Debtor possessed the fraudulent intent and knowledge to deny a discharge under 11 U.S.C. § 727(a)(4)(A).

C.  11 U.S.C. § 727(a)(4)(D)

A discharge may be denied under 11 U.S.C. § 727(a)(4)(D) if a debtor "knowingly and fraudulently, in or in connection with the case, withheld from an officer of the estate...any recorded information, including books, documents, records, and papers,

relating to the debtor's property or financial affairs." The Trustee must prove that: "(1) the withholding of documents was done by the debtor or someone for whose conduct the debtor is legally responsible; (2) was in connection with a case; (3) was withheld from an officer of the estate entitled to possession; (4) was done knowingly and fraudulently; and (5) relates to the debtor's property or financial affairs." *Olson v. Slocombe (In re Slocombe)*, 344 B.R. 529, 534 (Bankr. W.D. Mich. 2006). The purpose of § 727(a)(4)(D) is to "'ensure that debtors provide all relevant information without the need for lengthy examination and investigations into the affairs of the estate.'" *Wellmon v. Vigil (In re Vigil)*, No. 16-4107, 2017 WL 4773108, at *10 (Bankr. E.D. Tex. Oct. 18, 2017) (quoting *Tow v. Henley*, 480 B.R. 708, 779 (Bankr. S.D.Tex. 2012)).

Although the Trustee presented evidence "that the Defendant lackadaisically responded to the production orders and that he failed to keep or preserve financial records," he did not produce evidence that the Defendant "knowingly and fraudulently withheld documents." *Fidelity & Guaranty Life Ins. Co. v. Settembre (In re Fioravante Settembre)*, 425 B.R. 423, 433 (Bankr. W.D. K.Y. 2010). Thus, Court finds that a genuine issue of material fact remains as to 11 U.S.C. § 727(a)(4)(D).

D.  11 U.S.C. § 727(a)(6)(A)

Plaintiff alleges Debtor failed to comply with two (2) different orders in the underlying bankruptcy case: (1) the "Agreed Order Regarding Trustee's Objection To

Exemptions"[32] entered on September 28, 2020; and (2) the "Order to Compel Compliance with Subpoena" entered on February 5, 2021.[33]  Based on the terms of the Agreed Order, Defendant was required to turn over one of the Ford Tahoes he listed in his schedules to the Trustee for sale.  The Trustee has since reported that he sold the vehicle on March 15, 2022.[34]

Under 11 U.S.C. § 727(a)(6)(A), "[t]he court shall grant the debtor a discharge, unless...the debtor has refused, in the case...to obey any lawful order of the court, other than an order to respond to a material question or to testify..."  Plaintiff must show that Debtor violated a court order.  *McKeithen Properties, LLC v. Meredith (In re Meredith)*, No. 04-1110, 2005 WL 5468745, at *6 (Bankr. M.D. La. Dec. 29, 2005), *aff'd*, 231 Fed. App'x. 321 (5th Cir. 2007).  "A debtor forfeits his discharge for refusing to obey a court order only in cases of willful disobedience, and not merely for inadvertence or mistake." *Meredith*, 2004 WL 5468745, at *7 (citing *Friendly Financial Discount Corp. v. Jones (In re Jones)*, 490 F.2d 452, 456 (5th Cir. 1974)).  Plaintiff must show that Debtor actually refused to obey a court order.  *Id.*  "Mere failure to obey an order is insufficient under § 727(a)(6)(A)..." *Id.*

There does not appear to be much of a dispute over the chain of events surrounding these two orders, but rather over Debtor's intent and whether he "refused to

---

[32] *In re Siddiqi*, No. 19-42834, ECF No. 64.

[33] *Weisbart v. Jamela Siddiqi*, Adv. No. 20-4037, ECF No. 13.

[34] *In re Siddiqi*, No. 19-42834, ECF No. 143.

obey a court order" or "fail[ed] to obey an order."  *See* 11 U.S.C. § 727(a)(6)(A).  Based

upon the summary judgment evidence submitted by both parties, the Court cannot

determine whether Debtor *refused* to obey a court order.  Thus, a genuine issue of

material fact remains.

## V.  Issues Precluded from Re-litigation

For the foregoing reasons, the Plaintiff's motion for summary judgment on the

objections to discharge under 11 U.S.C. § 727(a) must be denied.  The following facts,

however, are relevant to the issues before the Court, and have been established in this

proceeding under the guidelines of Local District Court Rule CV-56, as incorporated by

Local Rule of Bankruptcy Procedure 7056(d).[35]  Thus, the following facts will not be re-

litigated at the trial for this adversary proceeding.

1.      The Court takes judicial notice of the docket in the underlying bankrtupcy case.[36]

---

[35] Local District Court Rule CV-56 directs a movant to include a Statement of Undisputed
Material Facts and to support such a statement with "appropriate citations to proper summary judgment
evidence."  It directs a respondent to ensure that any response "should be supported by appropriate
citations to proper summary judgment evidence."  With regard to the disposition of the motion, the rule
states:

> (c) **Ruling**.  In resolving the motion for summary judgment, the court will assume that the facts
> as claimed and supported by admissible evidence by the moving party are admitted to exist
> without controversy, except to the extent that such facts are controverted in the response filed in
> opposition to the motion, as supported by proper summary judgment evidence.  The court will
> not scour the record in an attempt to unearth an undesignated genuine issue of material fact.

Thus, any failure by a respondent to controvert the material facts set forth in any of the motions or to
support such a challenge by references to proper summary judgment evidence, results in the facts as
claimed and supported by admissible evidence by the movant "admitted to exist without controversy."
E.D. TEX. LOCAL R. CV–56(c).

[36] *See In re Siddiqi*, Case No. 19-42834.

2.    On September 13, 2018, a Certificate of Formation of a For-Profit Corporation named AZ & Hiba Entertainment, Inc. was filed with the Secretary of State of Texas.  Ms. Laura Moonan, the Defendant's adult daughter, was listed as the initial registered agent and director.[37]

3.    On July 18, 2018, Debtor executed a general warranty deed, transferring property located at 1109 Lakestream Drive, Plano, Texas 75075 to his ex-wife Jamela Siddiqi, in exchange for a consideration of ten dollars ($10.00) and other good and valuable consideration.[38]

4.    On March 13, 2019, Debtor executed a special warranty deed, transferring property located at 14411 Tanglewood Drive, Farmers Branch, Texas 75234 to his ex-wife Jamela Siddiqi, in exchange for consideration of ten dollars ($10.00) and other good and valuable consideration.[39]

5.    Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 16, 2019.  Debtor filed the petition without schedules, statements of financial affairs, and other required documents.

6.    Debtor filed his Original Schedules on November 8, 2019.  These included Schedule A/B, Schedule C, Schedule D, Schedule E/F, Schedule G, Schedule H, Schedule I, and Schedule J.

7.    On Schedule A/B, Debtor listed a single-family home at 6701 Haven Hurst, Allen, Texas 75002, which he valued at $735,000.00.[40]

8.    On Schedule A/B, Debtor listed the following vehicles: (1) Ford Tahoe 2016, valued at $20,000.00; (2) Ford Tahoe 2016, valued at $20,000.00; (3) Ford Super Duty 2015, valued at $30,000.00; and (4) Lincoln Navigator 2019, valued at $90,000.00.[41]

---

[37] Mot. Summ. Jmt., Ex. S, ECF No. 16-19.

[38] Mot. Summ. Jmt., Ex. AA, ECF No. 16-28.

[39] Mot. Summ. Jmt., Ex. BB, ECF No. 16-29.

[40] Mot. Summ. Jmt., Ex. B, ECF No. 16-3.

[41] *Id.*

9.      On Schedule A/B, Debtor listed the following household goods and furnishings, valued at $10,000.00: sofa, tables, beds, dressers, chairs, rugs, televisions, etc.[42]

10.     On Schedule A/B, Debtor listed a single firearm, a pistol, valued at $400.00.[43]

11.     On Schedule A/B, Debtor valued his "clothes" at $1,000.00.[44]

12.     On Schedule A/B, Debtor listed a "watch, wife[']s jewelry," which he valued at $10,000.00.[45]

13.     On Schedule A/B, Debtor listed the following bank accounts: (1) Chase Bank, which he described as "frozen," with an "unknown" value; (2) Texans Credit Union, valued at $300.00; and (3) wife's Chase Accounts, valued at $300.00.[46]

14.     On Schedule A/B, Debtor listed a 100% ownership interest in Hiba Entertainment, Inc., which he characterized as "out of business."[47]

15.     Debtor calculated the total value of all property listed on Schedule A/B to be $917,000.00.[48]

16.     Debtor claimed the following property as exempt on Schedule C: (1) 6701 Haven Hurst Allen, Texas 75002; (2) 2016 Ford Tahoe; (3) sofa, tables, beds, dressers, chairs, rugs, televisions, etc.; (4) pistol; (5) clothes; and (6) watch and wife's jewelry.[49]

---

[42] *Id.*

[43] *Id.*

[44] *Id.*

[45] *Id.*

[46] Mot. Summ. Jmt., Ex. B, ECF No. 16-3.

[47] *Id.*

[48] *Id.*

[49] *Id.*

17.    On Schedule I, Debtor reported his gross monthly income as $7,000.00.[50]

18.    Debtor filed an amended voluntary petition on November 14, 2019.

19.    On November 17, 2019, the Court entered a "Notice to Individual Debtor(s) Regarding Submission of Documents Required for Entry of Discharge," concerning Debtor's failure to submit a "Certificate of Completion of Instructional Course Concerning Personal Financial Management."

20.    Plaintiff filed a "Motion to Extend Time to File Complaint Objecting to Discharge" on December 30, 2019, which the Court granted on January 24, 2020.

21.    On February 28, 2020, Plaintiff filed a complaint initiating an adversary proceeding against Debtor's ex-wife Jamela Siddiqi, pursuant to 11 U.S.C. §§§ 548(a)(1)(A), (B), and 550(a) in Adv. No. 20-4037, styled *Mark A. Weisbart v. Jamela Siddiqi*.[51]

22.    On March 5, 2020, Plaintiff filed an "Objection to Debtor's Claim of Exemption," objecting to the following: (1) two (2) 2016 Ford Tahoe vehicles which Debtor claimed as exempt under Tex. Prop. Code. §§§ 42.001(a)(1), (2), 42.002(a)(9), and requesting Debtor clarify which vehicle was exempt and to turn over the remaining vehicle; (2) Debtor's exemption of "sofas, tables, beds, dressers, chairs, rugs, televisions, etc." for vagueness; and (3) Debtor's claimed exemption of "watch, wife's jewelry" for vagueness.[52]

23.    On March 25, 2020, Defendant filed a "Response to Objection to Exemptions."

24.    On March 27, 2020, Plaintiff filed a "Second Motion to Extend Time to File Complaint Objecting to Discharge," which the Court granted on April 22, 2020.

25.    On May 28, 2020, Plaintiff filed a "Third Motion to Extend Time to File Complaint Objecting to Discharge," which the Court granted on June 25, 2020.

26.    On September 28, 2020, the Court entered an "Agreed Order Regarding Trustee's Objection to Exemptions."  Debtor was ordered to: (1) amend schedules to indicate

---

[50] *Id.*

[51] *See In re Siddiqi*, Case No. 19-42834, ECF No. 34.

[52] *In re Siddiqi*, Case No. 19-42834, 1-2, ¶¶ 4-6, ECF No. 36.

correct description of vehicles, including make, model, and VIN# of each vehicle; (2) turn over the vehicle(s) to the Trustee which he did not claim as exempt; (3) amend schedules to include a detailed list of "sofa, tables beds, dressers, chairs, rugs, televisions, etc." which the Debtor had claimed as exempt; (4) amend schedules to include more details concerning the "watch, wife's jewelry," which he claimed as exempt; and (5) amend his exemption claim and turn over the non-exempt vehicle(s) to the Trustee within ten (10) days of the entry of the order.[53]

27.     On September 30, 2020, Plaintiff filed a "Fourth Motion to Extend Time to File Complaint Objecting to Discharge," which the Court granted on October 28, 2020.

28.     On November 30, 2020, Trustee issued a subpoena *duces tecum* to Debtor seeking production of various documents in Adv. No. 20-4037, styled *Mark A. Weisbart v. Jamela Siddiqi*.  Trustee thereafter filed a "Motion to Compel Compliance with Subpoena and Recovery of Fees and Costs" in that same adversary.[54]  Defendant responded, admitting that he did not maintain personal or bank records for some of the time periods sought by Trustee.[55]  The Court, on February 5, 2021, granted the Trustee's motion to compel and ordered Defendant to produce the documents or provide Trustee with an affidavit explaining why they were either not available for production or were not produced.[56]  Defendant submitted an affidavit, and produced no documents.[57]

29.     On December 28, 2020, Plaintiff filed a "Fifth Motion to Extend Time to File Complaint Objecting to Discharge," which the Court granted on January 22, 2021.

30.     On March 1, 2021, Plaintiff filed a "Sixth Motion to Extend Time to File Complaint Objecting to Discharge," which the Court granted on April 2, 2021.

31.     On March 24, 2021, the Trustee conducted an oral deposition of Debtor in Adv.

---

[53] *In re Siddiqi*, Case No. 19-42834, ECF No. 64.

[54] Mot. Summ. Jmt., Ex. M, ECF No. 16-14.

[55] Mot. Summ. Jmt., Ex. N, ECF No. 16-15.

[56] Mot. Summ. Jmt., Ex. O, ECF No. 16-16.

[57] Mot. Summ. Jmt., Ex. P, ECF No. 16-17.

No. 20-4037, styled *Mark A. Weisbart v. Jamela Siddiqi*.[58]

32.    On May 3, 2021, Plaintiff filed the Original Complaint, initiating this adversary proceeding against Debtor.

33.    Debtor filed the Original Answer on June 1, 2021.

34.    Plaintiff filed a "Motion for Leave to File First Amended Complaint" on September 1, 2021.  Debtor objected to the motion, filing "Defendant's Response to Motion for Leave" on September 17, 2021.

35.    On September 29, 2021, the Court entered an "Order Granting Plaintiff's Motion to File First Amended Complaint."

36.    Plaintiff filed the First Amended Complaint on September 29, 2021.

37.    Defendant filed his"Answer to Amended Complaint" on October 12, 2021.

38.    On September 3, 2021, Plaintiff filed a "Motion to Show Cause Why the Debtor Should Not be Held in Contempt or Sanctioned" (the "Show Cause Motion") in Case No. 19-42834, the underlying bankruptcy case, because of Debtor's alleged failure to comply with the Court's previous "Agreed Order Regarding Trustee's Objection to Exemptions."  Debtor filed an objection to the Show Cause Motion on September 28, 2020.

39.    On October 19, 2021, the Court held a hearing on Plaintiff's Show Cause Motion in Case No. 19-42834, found Debtor in contempt, and ordered him to turn over the vehicle at issue to the Trustee within seven (7) calendar days.  The Court entered an "Order of Contempt" on October 22, 2021 stating in part that "Debtor shall turn over his non-exempt Chevy Tahoe (the "Vehicle") within seven (7) calendar days of this hearing, by delivering same to Trustee at his offices, together with the keys, and any documentation in Debtor's possession related to the Vehicle" and that "Debtor shall amend his Schedules as required by the Exemption Order within seven (7) calendar days."

40.    On October 22, 2021, Debtor amended Schedules A/B and C.

41.    On March 15, 2022, the Trustee filed a "Report of Sale," detailing the online sale

---

[58] Pl.'s Reply, 1, Ex. R, ECF No. 19-19.

of the 2016 Chevrolet Tahoe which the Debtor had claimed as exempt, and to which the Trustee objected.

## VI.  Conclusion

Based upon the Court's consideration of the pleadings, the summary judgment evidence submitted by the parties, and for the reasons set forth herein, the Court concludes that the "Motion for Summary Judgment" filed by the Plaintiff, Chapter 7 Trustee Mark A. Weisbart, is hereby DENIED.  Plaintiff failed to demonstrate he is entitled to a judgment as a matter of law regarding his objections to discharge pursuant to 11 U.S.C. §§§§ 727(a)(3), (a)(4)(A), (a)(4)(D), and (a)(6)(A).  Therefore, these claims must be determined through a trial on the merits.

Numerous factual issues, however, have been established through the summary judgment evidence tendered to the Court.  While the Court has not granted the relief sought by the Plaintiff in the Motion, it is nevertheless appropriate to state the material facts that are not genuinely in dispute pursuant to Fed. R. Civ. P. 56(g).  These established facts as set forth in this memorandum shall not be re-litigated at the trial for this adversary proceeding.  An appropriate order consistent with this opinion shall be entered by the Court.

Signed on 04/04/2023

THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE