

EOD
04/04/2023

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **MUHAMMAD NASIR SIDDIQI** | § | Case No. 19-42834 |
| | § | |
| Debtor | § | Chapter 7 |

| | | |
|---|---|---|
| MARK A. WEISBART, | § | |
| Chapter 7 Trustee | § | |
| Plaintiff | § | |
| v. | § | Adversary No. 21-04077 |
| MUHAMMAD NASIR SIDDIQI | § | |
| Defendant | § | |

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT BUT ESTABLISHING CERTAIN MATERIAL FACTS**

ON THIS DATE the Court considered the "Motion for Summary Judgment" (the "Motion"), filed by the Plaintiff, Chapter 7 Trustee Mark A. Weisbart (the "Plaintiff" or "Trustee"), and the respective objections, replies, and other related documents filed in the above-referenced adversary proceeding. Plaintiff seeks an order granting summary judgment on his objection to the discharge of Defendant, Muhammad Nasir Siddiqi, pursuant to 11 U.S.C. §§§§ 727(a)(3), (a)(4)(A), (a)(4)(D), and (a)(6)(A). Upon review of the proper summary judgment evidence, the applicable legal authorities, the Motion,

response, and for the reasons set forth in the *Memorandum of Decision* entered in this adversary proceeding on this date, the Court concludes that Plaintiff has failed to demonstrate that there is no genuine dispute as to any material fact or that they are otherwise entitled to judgment as a matter of law on the causes of action under 11 U.S.C. §§§ 727(a)(3), (a)(4)(A), (a)(4)(D), and (a)(6)(A). Because the summary judgment evidence establishes that certain material facts are not in genuine dispute, and pursuant to the authority expressed in Fed. R. Civ. P. 56(g) and E.D. Tex. Loc. R. CV–56(c) as incorporated into this Court's procedures by LBR 7056(d), the Court finds that just cause exists for the entry of the following order.

**IT IS THEREFORE ORDERED** that the "Motion for Summary Judgment" filed by Plaintiff, Chapter 7 Trustee Mark A. Weisbart , is hereby **DENIED** as to Plaintiff's causes of action under 11 U.S.C. 727(a)(3), (a)(4)(A), (a)(4)(D), and (a)(6)(A); provided; however, that the following material facts are not in genuine dispute and are hereby established for all purposes in this adversary proceeding [*as numbered in the Memorandum*]:

1. The Court takes judicial notice of the docket in the underlying bankruptcy case.[1]

2. On September 13, 2018, a Certificate of Formation of a For-Profit Corporation named AZ & Hiba Entertainment, Inc. was filed with the Secretary of State of Texas. Ms. Laura Moonan, the Defendant's adult daughter, was listed as the initial registered agent and director.[2]

---

[1] *See In re Siddiqi*, Case No. 19-42834.

[2] Mot. Summ. Jmt., Ex. S, ECF No. 16-19.

3. On July 18, 2018, Debtor executed a general warranty deed, transferring property located at 1109 Lakestream Drive, Plano, Texas 75075 to his ex-wife Jamela Siddiqi, in exchange for a consideration of ten dollars ($10.00) and other good and valuable consideration.[3]

4. On March 13, 2019, Debtor executed a special warranty deed, transferring property located at 14411 Tanglewood Drive, Farmers Branch, Texas 75234 to his ex-wife Jamela Siddiqi, in exchange for consideration of ten dollars ($10.00) and other good and valuable consideration.[4]

5. Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 16, 2019. Debtor filed the petition without schedules, statements of financial affairs, and other required documents.

6. Debtor filed his Original Schedules on November 8, 2019. These included Schedule A/B, Schedule C, Schedule D, Schedule E/F, Schedule G, Schedule H, Schedule I, and Schedule J.

7. On Schedule A/B, Debtor listed a single-family home at 6701 Haven Hurst, Allen, Texas 75002, which he valued at $735,000.00.[5]

8. On Schedule A/B, Debtor listed the following vehicles: (1) Ford Tahoe 2016, valued at $20,000.00; (2) Ford Tahoe 2016, valued at $20,000.00; (3) Ford Super Duty 2015, valued at $30,000.00; and (4) Lincoln Navigator 2019, valued at $90,000.00.[6]

9. On Schedule A/B, Debtor listed the following household goods and furnishings, valued at $10,000.00: sofa, tables, beds, dressers, chairs, rugs, televisions, etc.[7]

---

[3] Mot. Summ. Jmt., Ex. AA, ECF No. 16-28.

[4] Mot. Summ. Jmt., Ex. BB, ECF No. 16-29.

[5] Mot. Summ. Jmt., Ex. B, ECF No. 16-3.

[6] *Id.*

[7] *Id.*

10. On Schedule A/B, Debtor listed a single firearm, a pistol, valued at $400.00.[8]

11. On Schedule A/B, Debtor valued his "clothes" at $1,000.00.[9]

12. On Schedule A/B, Debtor listed a "watch, wife[']s jewelry," which he valued at $10,000.00.[10]

13. On Schedule A/B, Debtor listed the following bank accounts: (1) Chase Bank, which he described as "frozen," with an "unknown" value; (2) Texans Credit Union, valued at $300.00; and (3) wife's Chase Accounts, valued at $300.00.[11]

14. On Schedule A/B, Debtor listed a 100% ownership interest in Hiba Entertainment, Inc., which he characterized as "out of business."[12]

15. Debtor calculated the total value of all property listed on Schedule A/B to be $917,000.00.[13]

16. Debtor claimed the following property as exempt on Schedule C: (1) 6701 Haven Hurst Allen, Texas 75002; (2) 2016 Ford Tahoe; (3) sofa, tables, beds, dressers, chairs, rugs, televisions, etc.; (4) pistol; (5) clothes; and (6) watch and wife's jewelry.[14]

17. On Schedule I, Debtor reported his gross monthly income as $7,000.00.[15]

18. Debtor filed an amended voluntary petition on November 14, 2019.

---

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] Mot. Summ. Jmt., Ex. B, ECF No. 16-3.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

19. On November 17, 2019, the Court entered a "Notice to Individual Debtor(s) Regarding Submission of Documents Required for Entry of Discharge," concerning Debtor's failure to submit a "Certificate of Completion of Instructional Course Concerning Personal Financial Management."

20. Plaintiff filed a "Motion to Extend Time to File Complaint Objecting to Discharge" on December 30, 2019, which the Court granted on January 24, 2020.

21. On February 28, 2020, Plaintiff filed a complaint initiating an adversary proceeding against Debtor's ex-wife Jamela Siddiqi, pursuant to 11 U.S.C. §§ 548(a)(1)(A), (B), and 550(a) in Adv. No. 20-4037, styled *Mark A. Weisbart v. Jamela Siddiqi*.[16]

22. On March 5, 2020, Plaintiff filed an "Objection to Debtor's Claim of Exemption," objecting to the following: (1) two (2) 2016 Ford Tahoe vehicles which Debtor claimed as exempt under Tex. Prop. Code. §§ 42.001(a)(1), (2), 42.002(a)(9), and requesting Debtor clarify which vehicle was exempt and to turn over the remaining vehicle; (2) Debtor's exemption of "sofas, tables, beds, dressers, chairs, rugs, televisions, etc." for vagueness; and (3) Debtor's claimed exemption of "watch, wife's jewelry" for vagueness.[17]

23. On March 25, 2020, Defendant filed a "Response to Objection to Exemptions."

24. On March 27, 2020, Plaintiff filed a "Second Motion to Extend Time to File Complaint Objecting to Discharge," which the Court granted on April 22, 2020.

25. On May 28, 2020, Plaintiff filed a "Third Motion to Extend Time to File Complaint Objecting to Discharge," which the Court granted on June 25, 2020.

26. On September 28, 2020, the Court entered an "Agreed Order Regarding Trustee's Objection to Exemptions." Debtor was ordered to: (1) amend schedules to indicate correct description of vehicles, including make, model, and VIN# of each vehicle; (2) turn over the vehicle(s) to the Trustee which he did not claim as exempt; (3) amend schedules to include a detailed list of "sofa, tables beds, dressers, chairs, rugs, televisions, etc." which the Debtor had claimed as exempt; (4) amend schedules to include more details concerning the "watch, wife's jewelry," which he

---

[16] *See In re Siddiqi*, Case No. 19-42834, ECF No. 34.

[17] *In re Siddiqi*, Case No. 19-42834, 1-2, ¶¶ 4-6, ECF No. 36.

claimed as exempt; and (5) amend his exemption claim and turn over the non-exempt vehicle(s) to the Trustee within ten (10) days of the entry of the order.[18]

27. On September 30, 2020, Plaintiff filed a "Fourth Motion to Extend Time to File Complaint Objecting to Discharge," which the Court granted on October 28, 2020.

28. On November 30, 2020, Trustee issued a subpoena *duces tecum* to Debtor seeking production of various documents in Adv. No. 20-4037, styled *Mark A. Weisbart v. Jamela Siddiqi*. Trustee thereafter filed a "Motion to Compel Compliance with Subpoena and Recovery of Fees and Costs" in that same adversary.[19] Defendant responded, admitting that he did not maintain personal or bank records for some of the time periods sought by Trustee.[20] The Court, on February 5, 2021, granted the Trustee's motion to compel and ordered Defendant to produce the documents or provide Trustee with an affidavit explaining why they were either not available for production or were not produced.[21] Defendant submitted an affidavit, and produced no documents.[22]

29. On December 28, 2020, Plaintiff filed a "Fifth Motion to Extend Time to File Complaint Objecting to Discharge," which the Court granted on January 22, 2021.

30. On March 1, 2021, Plaintiff filed a "Sixth Motion to Extend Time to File Complaint Objecting to Discharge," which the Court granted on April 2, 2021.

31. On March 24, 2021, the Trustee conducted an oral deposition of Debtor in Adv. No. 20-4037, styled *Mark A. Weisbart v. Jamela Siddiqi*.[23]

32. On May 3, 2021, Plaintiff filed the Original Complaint, initiating this adversary proceeding against Debtor.

---

[18] *In re Siddiqi*, Case No. 19-42834, ECF No. 64.

[19] Mot. Summ. Jmt., Ex. M, ECF No. 16-14.

[20] Mot. Summ. Jmt., Ex. N, ECF No. 16-15.

[21] Mot. Summ. Jmt., Ex. O, ECF No. 16-16.

[22] Mot. Summ. Jmt., Ex. P, ECF No. 16-17.

[23] Pl.'s Reply, 1, Ex. R, ECF No. 19-19.

33. Debtor filed the Original Answer on June 1, 2021.

34. Plaintiff filed a "Motion for Leave to File First Amended Complaint" on September 1, 2021. Debtor objected to the motion, filing "Defendant's Response to Motion for Leave" on September 17, 2021.

35. On September 29, 2021, the Court entered an "Order Granting Plaintiff's Motion to File First Amended Complaint."

36. Plaintiff filed the First Amended Complaint on September 29, 2021.

37. Defendant filed his "Answer to Amended Complaint" on October 12, 2021.

38. On September 3, 2021, Plaintiff filed a "Motion to Show Cause Why the Debtor Should Not be Held in Contempt or Sanctioned" (the "Show Cause Motion") in Case No. 19-42834, the underlying bankruptcy case, because of Debtor's alleged failure to comply with the Court's previous "Agreed Order Regarding Trustee's Objection to Exemptions." Debtor filed an objection to the Show Cause Motion on September 28, 2020.

39. On October 19, 2021, the Court held a hearing on Plaintiff's Show Cause Motion in Case No. 19-42834, found Debtor in contempt, and ordered him to turn over the vehicle at issue to the Trustee within seven (7) calendar days. The Court entered an "Order of Contempt" on October 22, 2021 stating in part that "Debtor shall turn over his non-exempt Chevy Tahoe (the "Vehicle") within seven (7) calendar days of this hearing, by delivering same to Trustee at his offices, together with the keys, and any documentation in Debtor's possession related to the Vehicle" and that "Debtor shall amend his Schedules as required by the Exemption Order within seven (7) calendar days."

40. On October 22, 2021, Debtor amended Schedules A/B and C.

41. On March 15, 2022, the Trustee filed a "Report of Sale," detailing the online sale of the 2016 Chevrolet Tahoe which the Debtor had claimed as exempt, and to which the Trustee objected.

Signed on 04/04/2023

THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE